UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 20 – 11889

DR. SHIVA AYYADURAI,
  *The Plaintiff,*

v.

WILLIAM FRANCIS GALVIN, in his official capacity
as the Secretary of the Commonwealth of Massachusetts,
  *The Defendant.*

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A TEMPORARY RESTRAINING ORDER

### I. INTRODUCTION

The Plaintiff, Dr. Shiva Ayyadurai, moves pursuant to Rule 65 of the Federal Rules of Civil Procedure, to request that this Honorable Court grant the Plaintiff a Temporary Restraining Order, against the Defendant in order to enjoin the Defendant from bidding Twitter to remove, ban, or otherwise silence the Plaintiff.

### II. ALLEGATIONS

All of the foregoing allegations are similarly drafted in the Plaintiff's Verified Complaint:

On or around September 25, 2020, Debra O'Malley, a spokeswoman for the Secretary of the Commonwealth of Massachusetts, admitted that her office had notified Twitter to suppress at least one Post that Dr. Shiva Ayyadurai had posted. When the Secretary of the Commonwealth sought to suppress Dr. Ayyadurai's speech, Dr. Ayyadurai was a candidate for U.S. Senate (and is currently still in the race for U.S.

Senate). The Office of the Secretary of State caused Twitter to remove Dr. Ayyadurai's Post. The Office of the Secretary of State also caused Twitter to ban Dr. Ayyadurai from Twitter for a total of approximately 14 days.

Dr. Ayyadurai had had a Twitter account since 2011, but had never been banned from Twitter until the September of 2020. When the Post was published on Twitter, Dr. Ayyadurai had approximately 260,000 followers on Twitter. As a result of the Commonwealth's actions, Dr. Ayyadurai was deprived of his constitutionally-guaranteed rights—his right to free speech, the press, to petition, and to peaceably assemble—as guaranteed to all United States residents by the First Amendment of the United States Constitution and to all Massachusetts residents by Article 16 of the Declaration of Rights of the Massachusetts Constitution, for having been effectively silenced by the Commonwealth, and for having been deprived of valuable and essential campaign influence for approximately 14 days.

### III. LAW

Rule 65 of the Federal Rules of Civil Procedure governs injunctions or temporary restraining orders. It states that the Court may issue such an order without written or oral notice to the adverse parties if it: (1) Clearly appears from specific facts shown (2) By verified complaint that (3) Immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition.

## IV. ARGUMENT

Because the Plaintiff will suffer loss of influence and essential campaign time should the Defendant insist on silencing his peaceful speech, because the Plaintiff has already suffered loss of liberty due to the silencing of his speech as he alleges in this Memorandum and in his Verified Complaint, and because the Defendant will suffer no damages should it be enjoined from bidding Twitter to remove, ban, or otherwise silence the Plaintiff at least until the results of the race for the U.S. Senate are announced, the Plaintiff moves this Honorable Court to Grant his Temporary Restraining Order.

All of these allegations are listed in the Complaint, which was Verified by the Plaintiff.

As stated in the Verified Complaint, the Plaintiff has a substantial likelihood of success on the merits of this case because:

a. The Plaintiff is able to show how the Defendant violated the First Amendment, *inter alia*;
b. There is a direct threat to the Plaintiff, where his speech could be unlawfully silenced should the Defendant continue to bid Twitter to silence him during the final days of a Federal Election;
c. While the Plaintiff has already suffered loss of liberty, he would incur less ongoing loss of liberty if the Defendant were enjoined; and
d. Granting this injunction will neither disserve the public interest, nor prejudice the Defendant.

Finally, because the granting of the Plaintiff's Motion for a Temporary Restraining Order will cause the Defendant to suffer no monetary loss and no prejudice, the Plaintiff respectfully requests that this Court forego asking the Plaintiff to issue a bond to the Court. Most importantly, the Plaintiff maintains that there is already a mechanism in place to estop the Secretary of the Commonwealth from silencing the

Plaintiff—namely, the First Amendment. It would be a miscarriage of justice if the Plaintiff were made to place a bond in order to secure rights already guaranteed by the First Amendment.

                                                  The Plaintiff,
                                                  Dr. Shiva Ayyadurai,
                                                  By His Attorney:

Dated: October 20, 2020                    /s/ Daniel Casieri
                                                  Daniel Casieri, Esq.
                                                  BBO: 697693
                                                  19 Court Street, Unit 3D
                                                  Plymouth, MA 02360
                                                  508.400.0774
                                                  danielcasierilaw@gmail.com