UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br>    Plaintiff,<br><br>    v.<br><br>WILLIAM FRANCIS GALVIN, in<br>his official capacity as the<br>Secretary of the Commonwealth<br>of Massachusetts,<br>    Defendant. | C.A. No. 1:20-11889-MLW |

ORDER

WOLF, D.J.                                                  October 29, 2020

The court has authorized plaintiff to represent himself in this case. However, "pro se status does not free a litigant in a civil case of the obligation to comply with the procedural rules." Rivera v. Riley, 209 F.3d 24, 27-28, & n.2 (1st Cir. 2000). Nor does it permit a litigant to disobey court orders.

On October 20, 2020, the court ordered plaintiff to serve his Complaint, and directed counsel for plaintiff and defendant to confer concerning plaintiff's motion for a temporary restraining order as required by Local Rule 7.1(a)(2). See Dkt. No. 7. On October 27, 2020, plaintiff represented that the required conference had occurred. See Dkt. No. 10 at 9. Today, October 29, 2020, defendant states that plaintiff has neither properly served defendant nor conferred concerning the motion for temporary restraining order. See Dkt. No. 15 at 6, n.3.

In view of the foregoing, it is hereby ORDERED, that by 4:30 p.m. today, October 29, 2020:

1. Plaintiff shall file an affidavit and supporting documents: (a) addressing how service of the complaint was made in a manner authorized by Rule 4(j)(2) of the Federal Rules of Civil Procedure and, if applicable, Rule 4(d)(3) of the Massachusetts Rules of Civil Procedure; and (b) explaining when and how the conference required by Local Rule 7.1(a)(2) and the October 20, 2020 Order (Dkt. No. 7) occurred.

2. Defendant shall file an affidavit stating the facts supporting his contentions that he has not been properly served and that the required conference did not occur.

3. In addition, the parties shall be prepared to address at the October 30, 2020 hearing the implications for defendant's arguments of Blum v. Yaretsky, 457 U.S. 991, 1004 (1992) ("a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State"), and Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) ("a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing it is absolutely clear the allegedly wrongful behavior could not be expected to recur").

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE