UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as the Secretary of the Commonwealth of Massachusetts,<br><br>Defendant. | CIVIL ACTION<br>NO. 1:20-cv-11889-MLW |

## AFFIDAVIT OF ADAM HORNSTINE

I, Adam Hornstine, on oath depose and state on personal knowledge and based on my review of the records relevant to this case as follows:

1. I am an Assistant Attorney General in the Office of the Massachusetts Attorney General's Office. I submit this Affidavit pursuant to the Court's Order of October 29, 2020.

2. Along with Assistant Attorney General Anne Sterman, I am counsel for William Francis Galvin, in his official capacity as the Secretary of the Commonwealth of Massachusetts, in the above-captioned case.

3. I am aware that the Court entered an order on October 20, 2020 requiring Plaintiff and his former counsel to, among other things:

    a.    Serve forthwith the October 20, 2020 Order and Plaintiff's submissions if he had not already done so;

    b.  Conduct a conference pursuant to Local Rule 7.1(a)(2) concerning Plaintiff's motion for an Emergency Temporary Restraining Order; and

    c.  Certify that the conference required by Local Rule 7.1(a)(2) occurred, report the results of the conference, and file a memorandum in support of the Motion for Temporary Restraining Order that cites case law and otherwise satisfied the requirements of Local Rule 7.1(b)(1).

  4.  On October 21, 2020 at 2:54pm, former counsel for Plaintiff Daniel Casieri sent an email to Michelle Tassinari, Director and Legal Counsel to the Elections Division of the Secretary of the Commonwealth's Office. This email contained an attachment that included a copy of Plaintiff's submissions to the Court, a copy of the Court's October 20, 2020 Order, and a summons. Mr. Casieri also telephoned Ms. Tassinari. Ms. Tassinari informed Mr. Casieri that the Attorney General's Office would represent the Secretary in the case.

  5.  Ms. Tassinari forwarded Mr. Casieri's email to me and to my colleague, Ms. Sterman.

  6.  On October 21, 2020 at approximately 3:34pm, I telephoned Mr. Casieri to discuss this case with him. Mr. Casieri did not answer, and I left him a voicemail. At 3:47pm, I sent Mr. Casieri an email offering to speak with him about this case at his earliest convenience.

  7.  Almost immediately after I sent Mr. Casieri the email at 3:47pm, Mr. Casieri returned my telephone call. Mr. Casieri and I spoke for approximately 7 minutes. I informed him that I had just received the materials that he had sent by email to Ms. Tassinari. I said that I understood the Court's order required the parties to meet and confer about Plaintiff's motion for a temporary restraining order and also required the Plaintiff to provide legal authorities for a

renewed motion. The parties' counsel agreed to speak again the following day. Before or during this subsequent call, Mr. Casieri agreed to provide me with a revised motion that cited to relevant legal authorities in support of his client's motion. I sent an email to Mr. Casieri at 4:24pm confirming my understanding of this call.

8. Along with Ms. Sterman, I had a telephone conference with Mr. Casieri at 2:15pm on October 22, 2020. This meeting did not occur via Zoom, contrary to Plaintiff's assertion in his October 29, 2020 Affidavit. The telephone call lasted 18 minutes. Mr. Casieri did not provide us (either before or during the call) with the revised motion that cited to relevant legal authorities in support of his client's motion, and he stated that he was still working on that revised motion and conducting legal research for it. The text message that Plaintiff includes as an exhibit to his Affidavit of October 29, 2020 confirms that Mr. Casieri was still working on revising this motion before the parties could conduct and complete the conference required by Local Rule 7.1(a)(2). During this call – and understanding that Mr. Casieri was still working on a revised motion – Ms. Sterman and I raised our substantive and jurisdictional concerns with his earlier October 20, 2020 motion. Contrary to Plaintiff's assertion in his October 29, 2020 Affidavit, counsel for the parties did not discuss <u>Bradford v. Michigan</u>, 394 U.S. 1022 (1969). At the conclusion of the call, Mr. Casieri agreed to consider the issues we had raised and to address our concerns with his client and then respond to Ms. Sterman and me with a revised motion that cited to relevant legal authorities in support of his client's motion. Counsel for the parties agreed to conduct an additional telephone conference so that they could conduct and complete the process required by Local Rule 7.1(a)(2) and the Court's October 20, 2020 Order. Mr. Casieri further agreed that he would not refile any motion for a temporary restraining order

with the Court until such time as the parties could conduct and complete this conference. During the call, Ms. Sterman and I informed Mr. Casieri that Secretary Galvin had not yet been properly served with process in this case, but we encouraged Mr. Casieri to email us a form request to waive service, which we could then address with our client; Mr. Casieri agreed to send us a request to waive service. Neither Ms. Sterman nor I agreed to accept service of a Complaint and summons on this telephone call.

9. On Tuesday, October 27, 2020 at 12:38am, Mr. Casieri emailed Ms. Sterman and me to notify us that he was withdrawing from this case and attaching his motion to withdraw. Mr. Casieri did not provide Ms. Sterman or me with an updated motion or memorandum in support of his client's motion for a temporary restraining order. Mr. Casieri also never sent us a waiver of service form that we could provide to our client.

10. On the afternoon of October 27, 2020 at approximately 1:16pm, Plaintiff called me directly. Plaintiff informed me that before calling me, he had gone ahead and refiled his motion for a temporary restraining order. When I told him that his prior counsel had neither completed our required Local Rule 7.1(a)(2) conference nor properly effected service of process of the Complaint and a summons, Plaintiff said that his former attorney had told Plaintiff that he had done so. I informed Plaintiff that he was mistaken. After that call, at 1:47pm, Plaintiff emailed me a copy of his October 27, 2020 refiled motion for a temporary restraining order and his motion to proceed pro se. At 5:18pm, Plaintiff also emailed me a copy of the Court's Order of October 27, 2020. In addition, I understand that Plaintiff sent me an envelope via FedEx on October 27, 2020. I understand that this package was delivered to my office on October 28, 2020, but due to mail processing delays caused by my office's COVID-19 protocols, I have not

yet personally received this package and do not know what it contains, but I understand from Plaintiff's October 29, 2020 Affidavit that it contains a copy of the Court's Order of October 27, 2020.

11. The Local Rule 7.1 certification that accompanies Plaintiff's October 27, 2020 refiled motion says that "The Plaintiff certifies that the parties did confer at the time of service of the motion for which this document serves as supplemental memorandum, and the discussion was initiated by previous counsel Daniel Casieri, though the certificate documenting that was inadvertently omitted from the filings to this court." However, the parties' counsel did not conduct a meet and confer prior to the filing of the initial motion on October 20, 2020. The first time I spoke to Plaintiff or a lawyer on his behalf about this case was on October 21, as described in Paragraph 7 above.

12. To date and to the best of my knowledge, no service of process has been made on the Secretary in compliance with the Federal Rules of Civil Procedure. I spoke with the Secretary's Office this afternoon and was informed that no service of process has yet been received.

Signed under the pains and penalties of perjury this 29th day of October, 2020.

/s/ Adam Hornstine
Adam Hornstine

**CERTIFICATE OF SERVICE**

      I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that a copy will be sent to those indicated as non-registered participants by email on October 29, 2020.

                                              /s/ Adam Hornstine
                                              Adam Hornstine
                                              Assistant Attorney General