UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br><br>                    Plaintiff,<br><br>       v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as the Secretary of the Commonwealth of Massachusetts and his individual capacity, MICHELLE TASSINARI, in her individual capacity, DEBRA O'MALLEY, in her individual capacity, AMY COHEN, in her individual capacity, and NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS<br><br>                    Defendant. | CIVIL ACTION<br>NO. 1:20-cv-11889-MLW |

**MOTION TO DISMISS BY WILLIAM FRANCIS GALVIN, MICHELLE TASSINARI, AND DEBRA O'MALLEY**

Secretary of the Commonwealth William Francis Galvin, and two of his employees, Michelle Tassinari, the Director and Legal Counsel to the Elections Division of the Secretary's Office, and Debra O'Malley, the Secretary's Communications Director, hereby move to dismiss the Amended Complaint of Plaintiff Shiva Ayyadurai pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff, a former candidate for public office, attempts to bring a wholly novel and unsupportable claim for money damages and permanent injunctive relief against an elected state official and his employees based on the fact that Plaintiff posted election misinformation to his Twitter account and Twitter decided to sanction him.

1

Plaintiff casts blame for Twitter's private decision to suspend him on the Secretary and his employees. He alleges that the report that they filed with Twitter – which apparently did not cause Twitter to act, because the offending Tweet is still visible on Plaintiff's account – violated his First Amendment rights on the theory that the coercive effect of the Secretary's Office's report caused Twitter to act as an arm of the state in sanctioning the Plaintiff by deleting Tweets and temporarily suspending his account. Courts, however, have broadly rejected arguments that social media companies like Twitter act as state agents for purposes of the First Amendment. In his sprawling Complaint, Plaintiff also alleges that the Defendants violated Section 1985(3) and RICO. None of these allegations, however, states a plausible money damages claim, and in any event, these claims are barred under the doctrine of qualified immunity and should be dismissed. Plaintiff also brings a threadbare claim for intentional infliction of emotional distress against these Defendants, but that claim too should be dismissed as deficient.

In addition to these money damages claims, Plaintiff brings claims against the Secretary in his official capacity for injunctive relief to prevent the Secretary from reporting Plaintiff to Twitter ever again and to bar the Attorney General's Office from representing the individual Defendants. These claims should likewise be dismissed. Plaintiff's claim for injunctive relief is barred by the Eleventh Amendment and is moot, because one isolated incident of alleged wrongdoing does not constitute an ongoing practice that can be enjoined. Moreover, Plaintiff's attempt to prevent the Attorney General's Office from representing the individual Defendants pursuant to state law is barred and, in any event, misapprehends state law.

For these reasons and for the reasons set forth in the accompanying memorandum of law, the Defendants ask this Court to dismiss this suit with prejudice.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants request that oral argument be scheduled for this motion.

Respectfully submitted,

Defendants,

WILLIAM FRANCIS GALVIN, in his official and individual capacities, MICHELLE TASSINARI, in her individual capacity, and DEBRA O'MALLEY, in her individual capacity,

By their attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Adam Hornstine
Anne Sterman (BBO No. 650426)
Adam Hornstine (BBO# 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2048
Anne.Sterman@mass.gov
Adam.Hornstine@mass.gov

Date: December 9, 2020

## CERTIFICATE OF SERVICE

I, Adam Hornstine, Assistant Attorney General, hereby certify that I have this day, December 9, 2020, served the foregoing **Motion**, upon all parties, by electronically filing to all ECF registered parties, and paper copies will be sent to those indicated as non-registered ECF participants.

/s/ Adam Hornstine
Adam Hornstine

**LOCAL RULE 7.1 CERTIFICATION**

  I, Adam Hornstine, Assistant Attorney General, hereby certify that I met and conferred with Plaintiff in good faith to resolve or narrow the issues presented by this motion but was unable to do so.

               <u>/s/ Adam Hornstine</u>
               Adam Hornstine