UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br><br>                    Plaintiff,<br><br>           v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as the Secretary of the Commonwealth of Massachusetts and his individual capacity, MICHELLE TASSINARI, in her individual capacity, DEBRA O'MALLEY, in her individual capacity, AMY COHEN, in her individual capacity, and NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS<br><br>                    Defendants. | CIVIL ACTION<br>NO. 1:20-cv-11889-MLW<br><br>Leave to file reply granted on November 16, 2020 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY WILLIAM FRANCIS GALVIN, MICHELLE TASSINARI, AND DEBRA O'MALLEY**

MAURA HEALEY
ATTORNEY GENERAL

Anne Sterman (BBO No. 650426)
Adam Hornstine (BBO No. 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2048
Anne.Sterman@mass.gov
Adam.Hornstine@mass.gov

Dated: January 8, 2021

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

ARGUMENT..................................................................................................................................2

I.    THE COMPLAINT DOES NOT STATE A PLAUSIBLE DAMAGES CLAIM AND PLAINTIFF'S RELIANCE ON IMPROPERLY APPENDED EXHIBITS UNDERSCORES THE COMPLAINT'S DEFICIENCIES. ...................................................2

II.   THE OFFICIAL CAPACITY CLAIMS FOR INJUNCTIVE RELIEF ALSO FAIL............8

CONCLUSION................................................................................................................. 9

i

**INTRODUCTION**

In opposing the Defendants' motion to dismiss, Plaintiff mischaracterizes the legal standards that govern this motion, misstates the allegations in his own Complaint, and introduces voluminous, irrelevant, and conspiracy-laden extrinsic exhibits in an attempt to distract the Court from his failure to plausibly allege coherent facts that any of the Defendants can be held liable under any of the various legal theories he raises. Neither Plaintiff's diversionary tactics nor his sophistry salvages his Complaint, and it should be dismissed.

Plaintiff's ruses ignore the critical fact that Twitter, a private company, took no action in response to Defendants' report that Plaintiff had violated Twitter's Terms of Use – indeed, Twitter never deleted the Tweet Defendants reported or suspended him for it. This fact alone, conveniently overlooked in the Opposition, undercuts Plaintiff's First Amendment claim because (i) there are no allegations to suggest plausibly that the Defendants coerced Twitter to act, particularly where Twitter retained the exclusive ability to sanction its users under its Terms of Use, (ii) there are no allegations to demonstrate plausibly that Defendants' single report caused Twitter to reprimand Plaintiff, and (iii) in any event, the Defendants are permitted by the First Amendment to speak to others – particularly where the Secretary's office has a duty to ensure free and fair elections without voter suppression. Moreover, Plaintiff fails to plausibly allege a supervisory First Amendment liability claim against the Secretary because he cannot demonstrate that the Secretary knew of any alleged constitutional violation or took actions that inexorably led to that violation. Plaintiff also mistakes the standard that governs claims under Section 1985(3), because nebulous allegations that Defendants conspired to obstruct justice are not sufficient to plead a claim under this statute, and Plaintiff fails to plead that there was any

racial or class-based, invidiously discriminatory animus behind the Defendants' actions or to otherwise satisfy the pleading elements for this statute.  Plaintiff similarly misstates the basis for pleading a civil RICO claim; filing a report to Twitter is a far cry from showing the racketeering activity required to state a plausible claim.  But even if Plaintiff's Complaint can somehow be construed as viable under these federal statutes – and it is not – the Defendants are entitled to qualified immunity, most notably because there is no clearly established, particularized law showing that the Defendants' actions were constitutionally impermissible.  Finally, Plaintiff's claim for intentional infliction of emotional distress must also be dismissed; Plaintiff merely repeats the elements of such a claim in his opposition without any legal analysis.  Accordingly, the claims against the individual Defendants in their personal capacities should be dismissed.

Plaintiff's official capacity claims against the Secretary fare no better.  Plaintiff's claim for injunctive relief against the Secretary is barred by the Eleventh Amendment and is moot, because one isolated incident of alleged wrongdoing does not constitute an ongoing practice in violation of federal law that can be enjoined.  Moreover, Plaintiff's attempt to prevent the Attorney General's Office from representing the individual Defendants pursuant to state law is barred and, in any event, continues to misapprehend state law.

In the end, neither Plaintiff's fabulist conspiracies nor his rabble-rousing rhetoric can fix the legal flaws inherent to his Complaint.  For the reasons set forth in the Defendants' opening brief and in this reply brief, Defendants ask this Court to dismiss this suit.

## ARGUMENT

I. **THE COMPLAINT DOES NOT STATE A PLAUSIBLE DAMAGES CLAIM AND PLAINTIFF'S RELIANCE ON IMPROPERLY APPENDED EXHIBITS UNDERSCORES THE COMPLAINT'S DEFICIENCIES.**

In a transparent and wholly improper attempt to salvage his damages claims, which contained no coherent allegations stating a plausible claim for relief against the Defendants,

Plaintiff attaches five new exhibits to his opposition brief and goes well beyond the pleadings in his opposition.[1]  His opposition frequently ignores his own Complaint and relies extensively on these exhibits and new (wholly irrelevant) allegations to assert a variety of new facts in his brief. The Court should disregard these extrinsic documents and all new facts that were not specifically pleaded in the Complaint.  See Wright v. Town of Southbridge, No. CIV A 07-40305-FDS, 2009 WL 415506, at *8 (D. Mass. Jan. 15, 2009) (striking extrinsic documents outside of the pleadings, which plaintiff filed in opposing a motion to dismiss).

Even if the Court were to consider these materials, which are clearly outside of the pleadings, they do not change the conclusion that Plaintiff does not and cannot state a money damages claim against any of the Defendants in their personal capacities for multiple reasons:

- Twitter's decision to sanction Plaintiff was not state action under Blum.  Plaintiff offers no explanation as to how Twitter's choice to reprimand Plaintiff for violating Twitter's own Terms of Use agreement can be construed as state action, particularly where Twitter retains the final say over the content on its platform – and where Plaintiff acknowledges that he was sanctioned for Tweets other than the one reported by Defendants.  See Yeo v. Town of Lexington, 131 F.3d 241, 254–55 (1st Cir. 1997) (en banc) (rejecting suit where students, not public-school teachers, retained final editorial control over school newspaper).  How Defendants supposedly compelled a private company to act is left unsaid in the Complaint, which is especially troublesome since Plaintiff fully acknowledges that Twitter took no actions regarding the one Tweet reported by Defendants, and this case is

---

[1]  Among the exhibits attached to Plaintiff's Opposition brief is a risible affidavit from an election commissioner from a county in Tennessee that recites baseless conspiracy theories about election fraud that have been widely rejected by courts across the country.  The Court need not – indeed, should not – give it any credence, particularly at the motion to dismiss stage.

3

    not one of the rare ones in which a "private entity can qualify as a state actor." <u>Manhattan Cmty. Access Corp. v. Halleck</u>, 139 S.Ct. 1921, 1928, 1933 (2019) (deciding that cable television network was "not subject to First Amendment constraints on how it exercises its editorial discretion with respect to the public access channels"); <u>see also</u> <u>S.H.A.R.K. v. Metro Parks Serving Summit Cty.</u>, 499 F.3d 553, 564 (6th Cir. 2007) (finding no state action where state asked private contractor to request that images of deer culling be erased before they could be leaked to media by animal rights organization and then the contractor did so to address state's concerns); <u>Snodgrass-King Pediatric Dental Assocs., P.C. v. DentaQuest USA Ins. Co., Inc.</u>, 780 F. App'x 197, 205 (6th Cir. 2019) (government complaints followed by action by private actor not enough to find state action).

- Plaintiff cannot plausibly plead causation for a Section 1983 claim. Plaintiff's opposition also fails to bridge the fundamental logical and factual gap in his Complaint: how Defendants caused the alleged First Amendment violation when the Tweet that Defendants reported to Twitter was neither deleted nor the reason for Plaintiff's suspension from the platform. The Complaint alleges that the Defendants reported one of Plaintiff's Tweets to Twitter, yet this Tweet remains on Plaintiff's feed to this day. Am. Compl. at 18, 24-25. Instead, Twitter, acting pursuant to its Terms of Use, deleted four <u>different</u> Tweets and appears to have used <u>those</u> four Tweets as the basis for suspending Plaintiff from Twitter's service on three separate occasions. Am. Compl. at 28, 52; Am. Compl. Exhibit A at 26, 40-42. Twitter's decision to sanction Plaintiff for four different Tweets breaks any causal chain.

- Alternatively, Defendants' report to Twitter was state speech and not subject to the First Amendment.  Plaintiff again offers no substantive response as to why government officials cannot speak out under the First Amendment.  Defendants, in their role as the officials responsible for running free and fair elections, reported Plaintiff's misleading Tweet about an election he lost.  The government can permissibly do so under the First Amendment because these statements are government speech.  See Sutliffe v. Epping School Dist., 584 F.3d 314, 329–30 (1st Cir. 2009) (holding that municipality's refusal to place hyperlink on municipal website to website of group opposed to municipal budget constituted government speech).

- Plaintiff also fails to state a supervisory liability claim under Section 1983 against the Secretary.  Plaintiff cannot dodge dismissal by intoning in a conclusory fashion that the Secretary conspired with others.  Section 1983 requires more, and Plaintiff does not provide it.

- As set forth in the opening brief, Plaintiff fails to plead the elements of a claim under Section 1985(3).  Recognizing this weakness, Plaintiff pivots away from his Complaint and argues instead that he is attempting to state a claim under Section 1985(2) instead.  But nothing in the Complaint comes close to stating a claim under Section 1985(2), which narrowly prohibits conspiracies to obstruct federal or state judicial proceedings.  See Knowlton v. Shaw, 704 F.3d 1, 12 n.15 (1st Cir. 2013) ("The first clause of § 1985(2) covers conspiracies to interfere with justice in the federal courts.  The second clause, on the other hand, covers conspiracies to interfere with justice in the state courts 'with intent to deny to any citizen the

5

equal protection of the laws.'").[2] Plaintiff never specifies what proceedings Defendants allegedly obstructed by filling out an online form and submitting it to Twitter, nor does he point to any case law that would extend Section 1985(2) in such a dramatic manner. Regardless of what provision he chooses, Plaintiff's Complaint fails to state a claim under Section 1985.

- Plaintiff likewise fails to state a claim under RICO. His opposition leaves to the imagination what racketeering activity allegedly occurred when the Defendants submitted a report to Twitter. Although he tosses inflammatory accusations that Defendants perjured themselves or obstructed ongoing federal proceedings, these charged claims fail to demonstrate that his Complaint satisfies the basic pleading elements under RICO. Plaintiff fails to identify what federal criminal proceeding Defendants obstructed, how they intended to obstruct it (or were even aware of it), or how they entered an unlawful criminal conspiracy. This is because he cannot plausibly do so, and this failure is fatal to this claim.

- Plaintiff failed to plead any of the elements of intentional infliction of emotional distress. Plaintiff's opposition does nothing to show otherwise. He fails to point to any allegations or cases that would support his contention that a report to Twitter is the kind of intentional, extreme and outrageous act that states a claim under this tort, or that he suffered the kind of extreme stress required to avoid dismissal. Nor does Plaintiff address Defendants' argument that this Court should decline supplemental jurisdiction if it dismisses the federal claims.

---

[2]   If Plaintiff is alleging interference with state court proceedings, he must also identify some "racial, or otherwise class-based, invidiously discriminatory animus underlying the state officials' actions." Id. As noted in Defendants' opening brief, Plaintiff fails to do so.

6

Even if Plaintiff plausibly stated a federal statutory claim – which he does not – these claims would still be barred under the doctrine of qualified immunity, most critically because Plaintiff fails to identify any clearly established law suggesting that a report to Twitter – and Twitter's subsequent decision to sanction Plaintiff for violating its private Terms of Use agreement – violated the First Amendment as state action.  He cannot identify any such law because no such law exists.  Courts have routinely determined under varying tests for state action that private social media companies like Twitter are <u>not</u> state actors for purposes of the First Amendment.[3]  The one case Plaintiff cites, <u>Commonwealth v. Lucas</u>, 472 Mass. 387 (2015), does not apply to these circumstances, let alone clearly establish that Defendants can be held liable under the specific allegations set forth here.  <u>Lucas</u> has nothing to do with social media companies or state action under the First Amendment; it was a state-law constitutional challenge to a statute that criminalized certain false statements about political candidates or questions submitted to voters.  <u>Id.</u> at 398-404 (striking down statute for violating Article 16 of the Massachusetts Declaration of Rights).  Even if this case applied to the facts of this case, a single state case interpreting state constitutional law cannot clearly establish a federal right, particularly in light of the predominant federal authority concluding that companies like Twitter are not state actors.  See <u>Starlight Sugar, Inc. v. Soto</u>, 253 F.3d 137, 144-45 (1st Cir. 2001) (declining to find clearly established law where a single state court decision contradicted other federal decisional law).

---

[3]    See, e.g., <u>Prager Univ. v. Google LLC</u>, 951 F.3d 991, 995 (9th Cir. 2020); <u>Howard v. Am. Online, Inc.</u>, 208 F.3d 741, 754 (9th Cir. 2000); <u>Freedom Watch, Inc. v. Google, Inc.</u>, 368 F. Supp. 3d 30, 40 (D.D.C. 2019); <u>Green v. YouTube, LLC</u>, 2019 WL 1428890, at *4 (D.N.H. Mar. 13, 2019); <u>Nyabwa v. FaceBook</u>, 2018 WL 585467, at *1 (S.D. Tex. Jan. 26, 2018); <u>Shulman v. Facebook.com</u>, 2017 WL 5129885, at *4 (D.N.J. Nov. 6, 2017); <u>Forbes v. Facebook, Inc.</u>, 2016 WL 676396, at *2 (E.D.N.Y. Feb. 18, 2016); <u>Doe v. Cuomo</u>, 2013 WL 1213174, at *9 (N.D.N.Y. Feb. 25, 2013); <u>Langdon v. Google, Inc.</u>, 474 F. Supp. 2d 622, 631–32 (D. Del. 2007).

## II. THE OFFICIAL CAPACITY CLAIMS FOR INJUNCTIVE RELIEF ALSO FAIL.

Plaintiff's claim against the Secretary in his official capacity is barred by the Eleventh Amendment, and Plaintiff's opposition fails to demonstrate how the relief he seeks falls within the Ex parte Young exception. The one case he cites, Commonwealth v. Adams, 416 Mass. 558 (1993), is a state court case that has nothing to do with the Eleventh Amendment. Plaintiff's theoretical musings that Defendants could potentially report him to Twitter again at some time in the future misses the point under Ex parte Young. The pivotal question is whether an injunction would put an end to an ongoing violation of federal law. Verizon Md., Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 645 (2002); Whalen v. Mass. Trial Court, 397 F.3d 19, 29 (1st Cir. 2005). But as Plaintiff concedes, there is no alleged ongoing violation of the First Amendment such that federal supremacy over state sovereignty may be invoked; a single, isolated incident now months in the past is not the kind of ongoing violation of federal law to which Ex parte Young attaches, and Plaintiff cannot discharge his burden to show otherwise.

Nor does Plaintiff explain why this claim should not be dismissed as moot. Plaintiff's opposition identifies no ongoing or current dispute that would require relief from this Court, just idle speculation about what may come to pass in some hypothetical future campaign. Indeed, the Tweet that the Secretary's office reported remains online without any label or caveat, and Plaintiff's Twitter-imposed suspension has long since ended. Plaintiff's failure to identify some ongoing or even repeated reporting of his Tweets by the Secretary's office dooms his claim as moot. Plaintiff's opposition also fails to address any of the exceptions to mootness doctrine.

Plaintiff's claim for an injunction preventing the Attorney General's Office from representing Defendants should also be dismissed for the reasons stated in the opening brief. Plaintiff's opposition, however, highlights a new reason why this injunctive claim should be rejected. In his brief, Plaintiff clarifies for the first time that the injunction he seeks is against the

8

Attorney General, who is not a party to this suit and thus cannot be bound by this Court.  See Fed. R. Civ. P. 65(d)(2).  Where the Court would lack the ability to redress Plaintiff's supposed harm – and it is unclear how the decision to represent Defendants harms Plaintiff – Plaintiff lacks standing to bring this claim.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 568-69 (1992).

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their opening memorandum of law, Defendants respectfully requests that the Court dismiss all claims in the Complaint against them and enter judgment in their favor.

Respectfully submitted,

Defendants,

WILLIAM FRANCIS GALVIN, in his official and individual capacities, MICHELLE TASSINARI, in her individual capacity, and DEBRA O'MALLEY, in her individual capacity,

By their attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Adam Hornstine
Anne Sterman (BBO No. 650426)
Adam Hornstine (BBO# 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2048
Anne.Sterman@mass.gov
Adam.Hornstine@mass.gov

Date: January 8, 2021

## CERTIFICATE OF SERVICE

I, Adam Hornstine, Assistant Attorney General, hereby certify that I have this day, January 8, 2021, served the foregoing **Memorandum**, upon all parties, by electronically filing to all ECF registered parties, and paper copies will be sent to those indicated as non-registered ECF participants.

/s/ Adam Hornstine
Adam Hornstine