**Exhibit A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DR. SHIVA AYYADURAI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIANS FRANCIS GALVIN, MICHELLE )<br>K. TASSINARI, DEBRA O'MALLEY, AMY )<br>COHEN, NATIONAL ASSOCIATION OF )<br>STATE ELECTION DIRECTORS, allegedly )<br>in their individual capacities, and WILLIAM )<br>FRANCIS GALVIN, in his official capacity as )<br>Secretary of State for Massachusetts. )<br>)<br>Defendants. )<br>) | Civ. No. 20-cv-11889 |

**[PROPOSED] REPLY IN SUPPORT OF AMY COHEN'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**

The Opposition fails to cure the jurisdictional deficiencies in his individual claims against Ms. Cohen or save them from dismissal. In her Rule 12(b)(2) Motion, Ms. Cohen showed that, under well-established law, Plaintiff cannot establish personal jurisdiction over her person for conduct undertaken solely in her capacity as NASED's Executive Director and for no personal benefit, and in any event Ms. Cohen's alleged contacts with Massachusetts are far too insubstantial to require her to defend herself in this forum against Plaintiff's claims. Plaintiff's Opposition has no response to these arguments. Instead, although the Amended Complaint contains no such allegation (AC 3), Plaintiff asserts for the first time that personal jurisdiction supposedly exists over Ms. Cohen under RICO, which he asserts "grant[s] this court nationwide jurisdiction over all defendants named in a RICO conspiracy." (Opp. at 3.) Plaintiff is wrong, and the arguments in

1

Exhibit A

his Opposition only confirm that the individual claims against Ms. Cohen should be dismissed under Rule 12(b)(2).

## ARGUMENT

Plaintiff's sole basis for asserting personal jurisdiction is 18 U.S.C. § 1965(b), RICO's provision for "nationwide" venue and personal jurisdiction in cases where the "ends of justice" so require.  Contrary to the Opposition's claims (pp. 3-5), however, "merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Bridge v. Invest Am., Inc.*, 748 F. Supp. 948, 952 (D.R.I. 1990).  To the contrary, the provision "has been consistently construed to be 'applicable only in a case in which there is [personal jurisdiction] for the RICO claim for at least one defendant in the forum but not as to others and there is no other district which would have [personal jurisdiction over] all defendants named in the RICO count,'" and it operates as a waiver of normal rules of personal jurisdiction only "if the 'ends of justice' so require." *Id.*; *see Laurel Gardens, LLC v. Mckenna,* 948 F.3d 105, 118 (3d Cir. 2020) ("jurisdiction is not automatic but requires a showing that the 'ends of justice' so require"); *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) ("[T]he right to nationwide service in RICO suits is not unlimited" under § 1965(b)").  Plaintiff does not and cannot make this showing.

As an initial matter, Plaintiff makes no argument and proffers no evidence to show that there is no other district in which his action could be maintained.  It is Plaintiff's threshold burden to make this showing, as his own authorities make clear.  *See Butcher's Union*, 788 F.2d at 538. Plaintiff, however, did not even try.  Without more, this precludes Plaintiff's attempt to assert personal jurisdiction over Ms. Cohen under § 1965(b).  *See Butcher's Union*, 788 F.2d at 538-40 ( (reversing district court finding of personal jurisdiction under § 1965(b) where "[Plaintiffs] did not

2

**Exhibit A**

suggest any other means by which the court might obtain personal jurisdiction over the nonresident defendant employers," and "relied entirely on section 1965(b)"). Moreover, by relying exclusively on § 1965(b)—which operates only where traditional grounds for personal jurisdiction over a defendant are absent—Plaintiff effectively concedes that there is no other basis for jurisdiction over Ms. Cohen's person in Massachusetts.

Independently, Plaintiff's RICO claim cannot support jurisdiction because it is patently frivolous. "[C]ourts should be particularly vigilant not to permit a plaintiff to assert a spurious RICO claim in order to try to obtain personal jurisdiction over other defendants[.]" *World Depot Corp. v. Onofri*, 2017 WL 6003052, at *5 (D. Mass. Dec. 4, 2017) (refusing to exercise personal jurisdiction over insufficiently pled RICO claims that involved isolated conduct that occurred on a single day and thus did not meet the statute's continuity requirements). Here, among other glaring deficiencies, Plaintiff does not allege even in conclusory fashion the existence of any RICO predicate, *see Hibbard v. Benjamin*, 1992 WL 300838, at *3 (D. Mass. 1992) ("Neither conspiracy to violate a person's Constitutional rights, nor common law torts constitute predicate acts under RICO."), or any facts remotely suggesting a pattern of racketeering activity or continuity of kind. (*See* MTD Br. 19.)

Plaintiff also cannot plead a RICO conspiracy against Ms. Cohen individually because he does not allege that her actions were performed "other than in [her] official capacit[y]" as Executive Director of NASED, an alleged co-conspirator. *See Williams v. Northfield Mount Hermon Sch.*, 504 F. Supp. 1319, 1328 (D. Mass. 1981); *see also Cape Cod Food Products, Inc. v. National Cranberry Association*, 119 F.Supp. 900, 909 (D. Mass. 1954) (Wyzanski, J.) ("Ordinarily, an officer of a corporation will be acting for the corporation when he acts. And therefore, there is, in contemplation of law, only one action . . . ."). Plaintiff cannot avoid this

**Exhibit A**

conclusion, because he affirmatively argues that his RICO claims against Ms. Cohen arise from conduct undertaken in the course of her employment. (*See* Opp. at 3, 4 ("Cohen acts for NASED as its Executive Director" and "takes decisions for NASED, and did so when she [supposedly] complained to Twitter about the Plaintiff posting screenshots of the Tassinari emails on Twitter"). This is, at bottom, the same deficiency that Ms. Cohen pointed out in her Motion, which Plaintiff's invocation of conspiracy jurisdiction under RICO only speaks past and fails to cure.

Finally, it would not serve the "ends of justice" under any reasonable construction of that phrase to permit Plaintiff to end-run Ms. Cohen's normal due process rights by exercising personal jurisdiction over her person in this lawsuit. Plaintiff's claims against Ms. Cohen are harassing, and his submissions are so rife with spurious and reckless allegations that the Court should not require her to appear in Massachusetts to defend against them. Plaintiff's allegations of election theft, voting machine fraud, ballot destruction and supposed cover-ups are entirely lacking in any plausible factual support, and similar claims have been deservedly thrown out of courts across the country. Further, despite his efforts to cast NASED's conduct as "state action," Plaintiff's actual theory—which he actively promotes on social media and seeks to use this lawsuit to legitimize—is that a cabal of non-profit entities secretly control U.S. elections and the government, which is exactly the opposite of his pleaded claims:



4

Exhibit A

Moreover, without knowing anything about her, Plaintiff has repeatedly defamed Ms. Cohen to hundreds of thousands of his Twitter followers—many of whom believe the election was stolen because of false claims like his—by implicating her personally in this supposed scheme:

> **Dr.SHIVA Ayyadurai, MIT PhD. Inventor of Email** ✓
> @va_shiva
>
> Zuckerberg gave $50M to Ctr for Election Innovation & Rsrch (CEIR) that centralized tabulation making vote flipping easier. Such centralization was "innovated" by Becker & Cohen. Cohen is a Defendant in my FIRST IN U.S. #OnePersonOneVote lawsuit that exposes computer algorithms.

In the Related Action, moreover, Plaintiff makes clear that his views are based on nothing more than the fact that Ms. Cohen has spent her career working for nonprofit organizations devoted to issues of election integrity. (*See* 20-cv-12080, Dkt. No. 22, at 8-9.) To be sure, the First Amendment, where it applies, protects Plaintiff's speech without regard to its "truth, popularity, or social utility," *S. Bos. Allied War Veterans Council v. City of Bos.*, 875 F. Supp. 891, 913 (D. Mass. 1995) (citing *NAACP v. Button*, 371 U.S. 415, 445 (1963)), but the Federal Rules prevent Plaintiff from pleading a viable damages claim on the basis of make-believe and sour grapes, which is all Plaintiff has to offer. Accordingly, the "interests of justice" would not support personal jurisdiction even if Plaintiff some basis to invoke it.

## CONCLUSION

Because Plaintiff cannot invoke nationwide RICO jurisdiction under § 1965(b), and offers nothing else to meet his burden, the claims against Ms. Cohen should be dismissed.

Dated: February 1, 2021                    Respectfully submitted,

                                           *For Amy Cohen*

**Exhibit A**

>*/s/ Nolan J. Mitchell*
>Nolan J. Mitchell (BBO #668145)
>nolan.mitchell@nelsonmullins.com
>Nelson Mullins Riley & Scarborough LLP
>One Financial Center
>Boston, MA 02111
>Tel. (617) 217-4700
>Fax (617) 217-4710

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of February, 2021, a true and correct copy of this document was served on plaintiff and all registered counsel of record via the Court's ECF system.

>*/s/Nolan J. Mitchell*
>Nolan J. Mitchell