UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br><br>                     Plaintiff,<br><br>         v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as the Secretary of the Commonwealth of Massachusetts and his individual capacity, MICHELLE TASSINARI, in her individual capacity, DEBRA O'MALLEY, in her individual capacity, AMY COHEN, in her individual capacity, and NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS<br><br>                     Defendant. | CIVIL ACTION<br>NO. 1:20-cv-11889-MLW |

**OPPOSITION TO MOTION TO VACATE A STAY ORDER AND ISSUE A SUBPOENA BY DEFENDANTS WILLIAM FRANCIS GALVIN, MICHELLE TASSINARI, AND DEBRA O'MALLEY**

Defendants William Francis Galvin, Michelle Tassinari, and Debra O'Malley hereby submit this opposition to Plaintiff's motion to partially lift the stay of discovery in this case so that he may issue a third-party subpoena to Twitter, Inc. in a fruitless quest to obtain discovery to support his risible theory that the Defendants cajoled Twitter into applying an algorithm to detect any instance in which he uttered a certain word. Plaintiff's motion should be denied for several reasons.

First, the Court should deny Plaintiff's motion because he (once again) failed to comply with his meet-and-confer obligations under Local Rule 7.1(a)(2). Despite repeated admonitions from this Court, Plaintiff did not confer with counsel for Defendants before filing this motion.

1

Although Plaintiff did contact Defendants' counsel to confer with respect to his renewed motion for a preliminary injunction [Docket No. 55], he did not raise the issue of lifting the stay of discovery to issue a subpoena against a non-party during this conference; indeed, the certificate filed with this motion confirms that Plaintiff only "conferred with Tassinari's counsel regarding this emergency motion for a hearing and injunction." Plaintiff's failure to abide by Local Rule 7.1(a)(2) justifies denial of this motion.

      Second, Plaintiff's motion to partially lift the stay of discovery is both premature and without basis. The parties agreed that discovery was inappropriate before motions to dismiss could be resolved. This pause of discovery made sense because Defendants' motions raised a host of immunity-based defenses that would be vitiated if they were required to conduct discovery at the outset. Plaintiff shows no valid reason why the Court should deviate from this path, just wild speculation about what a third party may have done when Plaintiff repeatedly violated its terms of use. Indeed, this motion underscores the factual flimsiness of Plaintiff's recent request to have this Court order that Twitter, a business that is not party to this action, reinstate him. Plaintiff cannot file motions seeking extraordinary, unprecedented judicial relief and then expect the Court to allow him to do discovery to support his irrational ideas without any basis in fact to do so. The Court should not lend credence to Plaintiff's ridiculous theories as to why he was deplatformed by Twitter by permitting a fishing expedition involving a non-party, particularly while Defendants' motions to dismiss are pending.

      The Court should deny this motion to partially lift the stay of discovery so that he may subpoena Twitter. It is time to put an end to Plaintiff's conspiracy-fueled litigation tactics.

Respectfully submitted,

Defendants,

WILLIAM FRANCIS GALVIN, in his official and individual capacities, MICHELLE TASSINARI, in her individual capacity, and DEBRA O'MALLEY, in her individual capacity,

By their attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Adam Hornstine
Anne Sterman (BBO No. 650426)
Adam Hornstine (BBO No. 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2048
Anne.Sterman@mass.gov
Adam.Hornstine@mass.gov

Date: February 18, 2021

**CERTIFICATE OF SERVICE**

I, Adam Hornstine, Assistant Attorney General, hereby certify that I have this day, February 18, 2021, served the foregoing **Memorandum**, upon all parties, by electronically filing to all ECF registered parties, and paper copies will be sent to those indicated as non-registered ECF participants.

/s/ Adam Hornstine
Adam Hornstine