UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, MICHELLE K. TASSINARI, DEBRA O'MALLEY, AMY COHEN, NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS, allegedly in their individual capacities, and WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of State for Massachusetts.<br><br>Defendants. | Civ. No. 20-cv-11889 |

## OPPOSITION TO PLAINTIFF'S MOTION FOR A PARTIAL LIFT OF STAY BY THE NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS AND AMY COHEN

The National Association of State Election Directors and Ms. Amy Cohen (collectively, "NASED") submit this brief opposition to Plaintiff's motion seeking to lift, in part, the Court's stay Order (Dkt. No. 25) so that he can subpoena third-party Twitter to explore the speculative and entirely unsupported conspiracy theories he has advanced in this case. (*See* Dkt Nos. 56-57.) Plaintiff's Motion should be denied.

Plaintiff provides no legitimate or reality-based reason to lift the Court's stay Order at this juncture, nor is there any. NASED and the other defendants have fully-briefed and meritorious motions to dismiss pending before the Court that raised numerous defenses and immunities that should put a well-deserved end to this case and obviate the need for discovery. (*See* Dkts. Nos. 36, 44, 45.) Moreover, there is no reason to allow Plaintiff to subpoena Twitter at this point, before the Court has an opportunity to consider those motions, merely so he can pursue his unfounded

and false belief that third-party Twitter's February 1, 2021 permanent suspension of his account was due to a supposed plot against his by defendants (involving yet another imagined secret algorithm), rather than the predictable and obvious consequence of his willful decision to defy Twitter's many warnings and continue posting false claims about the election in the middle of a Twitter crackdown.  (*See* Dkt No. 55; *see also* Dkt. No. 60, 58.)

Plaintiff also has no basis to claim that it is "urgent" for the Court to lift the stay now so that he can obtain Twitter's records and pursue his reinstatement (Mot. at 2), because that relief is not available to him in these proceedings.  (*See* Dkt. No. 60, at pp. 13-18.)  Plaintiff cannot compel Twitter to reinstate his account here because, among other things, Twitter is not a party or otherwise subject to the Court's injunction power under Fed. R. Civ. P. 65(d)(2), and in any event the relief he seeks is precluded by the First Amendment, Twitter's Terms of Service, and Section 230 of the Communications Decency Act, 47 U.S.C. 230.  (*See* Dkt. No. 60, at pp. 13-14 & n. 27.)  Plaintiff therefore has no urgent need for use in this case of the evidence he seeks.  If Plaintiff believes he has a basis to seek reinstatement, he should raise that directly with Twitter through the internal mechanisms it makes available.  But there is no need to involve the Court or to credit the substance of Plaintiff's unsupported views by rescinding the stay and opening up discovery now in response to his baseless Motion.

Finally, Plaintiff did not meet and confer with counsel for NASED before filing his Motion, and made no effort to do so.  *See* L.R. 7.1(a)(2) ("No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.").  While *pro se* plaintiffs are typically afforded some procedural slack, Plaintiff has been repeatedly notified of his obligations and again chosen to ignore them.  This is evident from his certification, which reflects both his knowledge of his meet and confer obligations and confirms that he did not meet

them with respect to NASED.[1]  Thus, there is no excuse for Plaintiff's failure to meet and confer, and good reason in the circumstances to sanction Plaintiff for his disregard of applicable requirements in the circumstances here.  The Court should enforce the requirement that Plaintiff confer with opposing counsel before seeking its intervention, and in all events deny his improvidently-filed Motion pending resolution of defendants' motion to dismiss.

Dated: February 18, 2021                           Respectfully submitted,

*For The National Association of State Election Directors and Amy Cohen*

*/s/ Nolan J. Mitchell*
Nolan J. Mitchell (BBO #668145)
nolan.mitchell@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center
Boston, MA 02111
Tel. (617) 217-4700
Fax (617) 217-4710

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of February, 2021, a true and correct copy of this document was served on plaintiff and all registered counsel of record via the Court's ECF system.

*/s/Nolan J. Mitchell*
Nolan J. Mitchell

---

[1] Plaintiff similarly failed to meet and confer with NASED prior to filing his recent injunction motion.  (*See* Dkt No. 55.)