UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DR. SHIVA AYYADURAI, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|       v. | ) | C.A. No. 1:20-11889-MLW |
| | ) | |
| WILLIAM FRANCIS GALVIN, | ) | |
| MICHELLE K. TASSINARI, | ) | |
| DEBRA O'MALLEY, | ) | |
| AMY COHEN, | ) | |
| NATIONAL ASSOCIATION OF STATE | ) | |
| ELECTION DIRECTORS, | ) | |
| all in their individual | ) | |
| capacities, and | ) | |
| WILIAM FRANCIS GALVIN, in his | ) | |
| official capacity as the | ) | |
| Secretary of the Commonwealth | ) | |
| of Massachusetts, | ) | |
|     Defendants. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                    February 19, 2021

Plaintiff has filed, pro se, an emergency motion seeking permanent injunctive relief ordering defendants to encourage Twitter to reverse its recent decision to permanently suspend his Twitter account.  See Dkt. No. 55 (the "Motion").

With respect to the Motion, plaintiff may have failed to join Twitter as a necessary defendant under Federal Rule of Civil Procedure 19.  Because the court has "some independent duty to protect absent 'necessary'" parties, it may "invoke Rule 19 sua sponte."  Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund, 582 F.3d 30, 43 (1st Cir. 2009) (quoting Provident Tradesmens Bank & Tr. Co. v. Patterson, 390

U.S. 102, 111 (1968)); see also Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 2 (1st Cir. 1998) ("We have squarely held that a district court may raise the issue of nonjoinder sua sponte.")

Federal Rule of Civil Procedure 19 states, in part, that:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. It is questionable whether the court may grant plaintiff complete relief on his Motion if Twitter is not a party to this case. Such relief may also implicate Twitter's interests, which could be impaired in its absence.

In view of the foregoing, it is hereby ORDERED that plaintiff shall, by February 26, 2021, report whether he requests leave to file an amended complaint adding Twitter as a defendant and, if so, file an affidavit and memorandum in support of that motion.[1]

---

[1] Despite being admonished by the court concerning the need to comply with the Federal Rules of Civil Procedure and Local Rules, plaintiff did not file a memorandum of law in support of his Emergency Motion as required by Local Rule 7.1(b)(1) and allegedly

See Rule 7.1(b)(2) of the Local Rules of the United States District Court for the District of Massachusetts.   Defendants shall, by March 8, 2021, respond to any such motion.

UNITED STATES DISTRICT JUDGE

---

did not confer with defendants concerning his motion for a subpoena to Twitter (Dkt. No. 56).   Any future submissions that do not comply with the applicable Rules may be summarily denied. Therefore, plaintiff may wish to retain counsel capable of complying with those Rules.