UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE No. 1:20-CV-11889-MLW

| | |
|---|---|
| Dr. SHIVA AYYADURAI ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM FRANCIS GALVIN, ) <br> MICHELLE K. TASSINARI, ) <br> DEBRA O'MALLEY, ) <br> AMY COHEN, ) <br> NATIONAL ASSOCIATION OF ) <br> STATE ELECTION DIRECTORS, ) <br> all in their individual capacities, and ) <br> WILLIAM FRANCIS GALVIN, ) <br> in his official capacity as Secretary ) <br> of State for Massachusetts, ) <br> Defendants. ) | JURY DEMANDED |

[PROPOSED] REPLY MEMORANDUM

On March 8, 2021, Defendants Cohen and NASED filed their joint opposition to Plaintiff's motion for joinder. Their opposition contains deliberate errors of fact that must be corrected in order to protect the integrity of the judicial process.

Plaintiff, a scientist, is aware of the difference between fact and assumption, fact and opinion, fact and argument. He understands that much of motion practice revolves around argument. However, when the argument puts forth alleged facts that have been introduced to intentionally support a false argument that is aimed squarely at misleading this court, the court must be notified in order to prevent deliberate misdirection and the miscarriage of justice.

Here are deliberate factual misrepresentations from Cohen and NASED:

Example 1

Cohen and NASED declare as fact:

"Tellingly, moreover, Plaintiff continues to avoid acknowledging that, immediately before his suspension, he had accrued at least four "strikes" under Twitter's five-strikes-and-you're-out enforcement guidelines implemented after January 6, 2021, and was just one of tens of thousands of accounts banned by Twitter around the same time for making similar false claims." Opp. pg. 3

The Plaintiff is who brought to the court's attention the fact that Twitter practiced dunning (hours, days, weeks, permanent) and that Plaintiff had been eventually dunned off from Twitter, solely because the Defendants had caused Twitter to flag his tweets about Tassinari's emails. The amended complaint is replete with examples of the Plaintiff's tweets about election fraud, which never triggered Twitter's Civic Integrity policy. Not one tweet triggered Twitter's policy.

Cohen and NASED are desperate to claim that they had nothing to do with Twitter's silencing tweets specifically referring to the Tassinari emails, which document that Tassinari knew that she had consciously violated Federal law. Instead they engage in conscious factual misrepresentation to claim that Twitter deplatforming Plaintiff is just the same as Twitter deplatforming anybody else. This requires the court to willingly suspend disbelief and unhear testimony given on October 30, 2020 that Cohen and NASED ensured that the Plaintiff "accrued" those strikes.

BUT FOR Cohen and NASED causing Twitter to retaliate every time the Plaintiff mentioned Tassinari's emails, Plaintiff would not have "accrued" any strikes and would not have been deplatformed in February 2021, long after the election process was over.

This is not the only deliberate factual misrepresentation in their opposition.

Example 2

Cohen and NASED further declare:

"A study recently **published** by Cornell University that analyzed a dataset of millions of tweets concerning fraud in the 2020 election cycle refutes concludes from the data it analyzed that "Twitter's ban actions mostly affected a specific community of voter fraud promoters," ((https://arxiv.org/pdf/2101.08210.pdf, at *1), and specifically identifies Plaintiff in its list of "2020 midterm election candidates that appear in the VoterFraud2020 dataset," ranking him second only to former president Donald J. Trump in terms of retweets by suspended Twitter users. (See https://voterfraud2020.io/?page=Midterm+Candidates.)" Opp. pg. 3, fn.3,Emphasis added.

One is spoiled for choice in selecting the numerous conscious falsehoods in the above paragraph.

Firstly, the study cited has not been **published** yet and has only been submitted for peer review. Cohen and NASED fully know this but aimed to mislead the court into thinking they cite a peer-reviewed published paper.

https://www.researchgate.net/publication/348648857_VoterFraud2020_a_Multi-modal_Dataset_of_Election_Fraud_Claims_on_Twitter



Secondly, Plaintiff is not mentioned at all in that submitted preprint, not even once.

Thirdly, Plaintiff is mentioned in an online dataset along with hundreds of others on Twitter, including Pramila Jayapal and Eric Swalwell; and even there, no mention is made of Plaintiff being responsible for the deplatforming of thousands of retweeters. All it confirms is that Plaintiff was a major presence on Twitter, had 364,000 followers, taught thousands of students and derived a significant income via the platform.

On February 1, 2021, that income from teaching on Twitter dropped to zero, a severe damage caused by Cohen and NASED in collaboration with Galvin, Tassinari, O'Malley and Twitter.

Example 3

Cohen and NASED next declare that adding Twitter to this case will continue to chill their speech and that when they reported Plaintiff to Twitter they were actually exercising their right to speak freely to the Government. Acting in concert with the Government to strongly encourage Twitter to employ its algorithms to silence Plaintiff in the midst of his campaign for federal office is not an exercise of Cohen's and NASED's right to speak to or petition the Government. The direction of communication, per testimony in the record, is Tassinari (State) → Cohen/NASED (State Officials) → Twitter (Private Company). The perfidy here is obvious.

Example 4

Cohen and NASED next claim that amending the complaint is futile because Plaintiff has no chance of adding anything other than conclusory speculations. They say this despite actual evidence in the record documenting the fact that Twitter never acted against the Plaintiff's 19,000 other tweets and acted exclusively in regards to his mentioning Tassinari's emails, the same emails that Tassinari testified she was upset about, the same emails that O'Malley testified

Cohen and NASED had reported to Twitter, the same emails that got the Plaintiff suspended repeatedly.

Unfortunately for Cohen and NASED, this testimony entered the record before they were added as defendants. We cannot unring the bell.  If Cohen and NASED wish to maintain that they had nothing to do with Twitter focusing exclusively on tweets regarding the Tassinari emails, they must impeach the testimony and credibility of Tassinari and O'Malley. Instead they attempt to make this court forget the testimony already in the record. This the court must not allow.  Cohen and NASED have not denied that Tassinari contacted Cohen and NASED in response to seeing the Plaintiff's tweets exposing her emails.

Example 5

Cohen and NASED declare that Twitter is a publisher and not a platform, and cite cases involving traditional newspapers.

> "Like NASED, moreover, Twitter is also a private actor that is not subject to constitutional constraints and has First Amendment rights of its own, including the editorial rights of a publisher. See, e.g., Miami Herald Pub. Co. v. Tornillo, 418 U.S. 241, 258 (1974) (constitution protects publisher's "editorial control and judgment")"

The status of Twitter as an internet platform and not a publisher, and thus covered by Section 230 immunity, has been the subject of major public debate throughout 2020 and even earlier.  One would be hard-pressed to find a clearer example for conscious factual misrepresentation to a court.  For Cohen and NASED to come now and claim that Twitter is a traditional publisher, after Section 230 immunity has been the subject of public debate nationwide, for a whole year, beggar's belief.

Example 6

Cohen and NASED have refused to acknowledge the fact that it was this court that *sua sponte* ordered the Plaintiff to mandatorily join Twitter as a Defendant, after it examined the documents and testimony already in the record.

Cohen and NASED, via counsel, express their contempt for this court's analysis when they attack the motion for joinder and leave to amend. This contempt adds to their ongoing contempt for this court, as documented by their uniquely extraordinary, continued tampering with the caption of this case. This contempt finds expression in conscious factual misrepresentations in the record, as detailed above.

## COHEN AND NASED'S FACTUAL MISREPRESENTATIONS MEET THE STANDARD FOR LITIGATION ABUSE

Cohen and NASED have abused the litigation process through conscious factual misrepresentation in order to misdirect this court away from sworn testimony already in the record documenting the involvement of Cohen and NASED in silencing, on behalf of the Massachusetts Secretary of State, Plaintiff's speech on Twitter, a private platform. Cohen and NASED fully knew their false statements to this court "could not have been calculated to assist the Court in the administration of justice, but only to win an advantage." *Tesco Corp. v. Weatherford Int'l, Inc.*, No. H-08-2531, 2014 WL 4244215 (S.D. Tex. 2014)

The cumulative effect of Cohen's and NASED's conscious factual misrepresentations meets the 1st Circuit's standard set in *Young v. City of Providence*, 404 F.3d 33, 41 (1995) Also see *Monsanto Co. v. E.I. Du Pont de Nemours & Co.*, 748 F.3d 1189 (Fed. Cir. 2014), *Chevron Corp. v. Donziger*, 833 F.3d 74 (2nd Cir. 2016)

CONCLUSION

This court must deflect Cohen's and NASED's blatant effort at misdirection and grant leave to amend the complaint to add claims against Twitter.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai

Date: March 25, 2021

**Dr. Shiva Ayyadurai**
Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com

CERTIFICATE OF CONFERRAL PER LR 7.1

Plaintiff certifies that he conferred with counsel for Cohen and NASED and they have taken no position on this motion.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai

Date: March 25, 2021

**Dr. Shiva Ayyadurai**
Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com

CERTIFICATE OF SERVICE

Plaintiff certifies that he served this request upon the Defendants via their counsel via ECF.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai

Date: March 25, 2021

**Dr. Shiva Ayyadurai**
Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com