```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br>    Plaintiff,<br><br>          v.<br><br>WILLIAM FRANCIS GALVIN,<br>MICHELLE K. TASSINARI,<br>DEBRA O'MALLEY,<br>AMY COHEN,<br>NATIONAL ASSOCIATION OF STATE<br>ELECTION DIRECTORS,<br>all in their individual<br>capacities, and<br>WILIAM FRANCIS GALVIN, in his<br>official capacity as the<br>Secretary of the Commonwealth<br>of Massachusetts,<br>    Defendants. | )<br>)<br>)<br>)   C.A. No. 1:20-11889-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                                May 10, 2021

There are now pending before the court plaintiff's Motion for Joinder and Leave to File a Second Amended Complaint (Docket No. 64), plaintiff's Motion for a Preliminary Injunction (Docket No. 55) and defendants' motions to dismiss the First Amended Complaint (Docket Nos. 36, 44, 45) (collectively, the "Pending Motions").

It is hereby ORDERED that:

1.  A hearing by videoconference on the Pending Motions shall be held on May 20, 2021, at 9:30 am, and continue from day to day if necessary.

2.  It is the court's present intention to address issues raised by the Pending Motions in the following sequence:

(1) Whether the forum selection clause in Twitter, Inc.'s ("Twitter") User Agreement bars plaintiff from pursuing his claims against Twitter in the District of Massachusetts. <u>See</u>, <u>e.g.</u>, <u>Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas</u>, 571 U.S. 49, 64 (2013); <u>Nguyen v. Barnes & Noble Inc.</u>, 763 F.3d 1171, 1175-76 (9th Cir. 2014).

(2) Whether Twitter's forum selection clause is enforceable against plaintiff. <u>See</u>, <u>e.g.</u>, <u>Claudio-De Leon v. Sistema Universitario Ana G. Mendez</u>, 775 F.3d 41, 46 (1st Cir. 2014).

(3) Whether Twitter is a necessary party under Rule 19 of the Federal Rules of Civil Procedure based on the claims in the First Amended Complaint (Docket No. 23) or proposed Second Amended Complaint (Docket No. 78).

(4) Whether permissive joinder of Twitter as a defendant would be appropriate under Rule 15 of the Federal Rules of Civil Procedure.

(5) Whether Counts 1-5 of the First Amended Complaint and proposed Second Amended Complaint should be dismissed because defendants are entitled to qualified immunity concerning those claims.

(6) Whether the court has personal jurisdiction concerning defendant Amy Cohen.

2

(7) Whether plaintiff has alleged a plausible claim that Twitter's suspensions of his Twitter account were state action that violated plaintiff's rights under the First Amendment to the United States Constitution.

(8) Whether plaintiff's claims for permanent injunctive relief are barred by the Eleventh Amendment to the United States Constitution.

(9) Whether plaintiff's Motion for a Preliminary Injunction should be granted.

3. Any party that wishes to supplement its submissions concerning the foregoing issues shall do so by 12:00 noon on May 14, 2021.

4. Each of the defendants and Twitter shall have a personal representative with knowledge of the events underlying the First Amended Complaint and proposed Second Amended Complaint available and prepared to testify, if necessary, at the hearing.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE