```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

DR. SHIVA AYYADURAI,            )
    Plaintiff,              )
                            )
    v.                      )   C.A. No. 1:20-11889-MLW
                            )
WILLIAM FRANCIS GALVIN,         )
MICHELLE K. TASSINARI,          )
DEBRA O'MALLEY,                 )
AMY COHEN,                      )
NATIONAL ASSOCIATION OF STATE   )
ELECTION DIRECTORS,             )
all in their individual         )
capacities, and                 )
WILIAM FRANCIS GALVIN, in his   )
official capacity as the        )
Secretary of the Commonwealth   )
of Massachusetts,               )
    Defendants.             )

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                          May 13, 2021

    Plaintiff, Shiva Ayyadurai, was a candidate in the September 2020 Massachusetts Republican Party Primary Election for the United States Senate. After he reportedly lost that election, plaintiff complained about the conduct of the Secretary of the Commonwealth, William Francis Galvin (the "Secretary"), using Twitter, Inc.'s ("Twitter") online platform to allege that the Secretary violated federal election law by destroying ballots cast in the primary election. The Secretary and the National Association of State Election Directors reported at least one of plaintiff's election-related tweets to Twitter using their special "Twitter Partner" status. <u>See</u> Tr. of November 6, 2020 Hearing on

Motion for Temporary Restraining Order (Dkt. No. 24) at 61:9-63:5; 72:17-73:11. Twitter deleted four of plaintiff's tweets regarding the primary election and temporarily suspended his Twitter account shortly before the November 2020 General Election in which plaintiff was a write-in candidate for the United States Senate. Twitter has since permanently suspended plaintiff's account. Plaintiff now seeks to join Twitter as a party and a court order requiring the reinstatement of his Twitter account.

This case raises substantial constitutional questions concerning whether Twitter's conduct should be deemed to be state action subject to the limitations of the Free Speech Clause of the First Amendment to the United States Constitution. See, e.g. Manhattan Cmty. Access Corp. v. Halleck, 139 S. Ct. 1921, 1928 (2019) ("a private entity can qualify as a state actor in a few limited circumstances—including, for example, . . . when the government compels the private entity to take a particular action); Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) ("a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State").

Plaintiff, who is proceeding pro se, is not a lawyer. This may be an unusual case in which the court would benefit from the participation of qualified amici curiae. See Strasser v. Doorley,

2

432 F.2d 567, 569 (1970) ("a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies having a say, or unless the court feels that existing counsel may need supplementing assistance"); see also Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., 308 F.R.D. 39, 52 (D. Mass.), aff'd, 807 F.3d 472 (1st Cir. 2015) ("The role of an amicus curiae, meaning 'friend of the court,' is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision")(internal quotations omitted); Students for Fair Admissions v. President & Fellows of Harvard Coll., No. 14-CV-14176-ADB, 2018 WL 9963511, at *1 (D. Mass. Oct. 3, 2018) (discussing authority to appoint amici).

Therefore, the court will consider motions to participate in this case as amicus curiae and provide the parties an opportunity to be heard before any such motion is decided. A hearing by videoconference on pending motions will begin on May 20, 2021, at 9:30 am, and may be observed by potential amici, among others.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

3