**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

DR. SHIVA AYYADURAI,

               Plaintiff,

v.

WILLIAM FRANCIS GALVIN, MICHELLE K. TASSINARI, DEBRA O'MALLEY, AMY COHEN, NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS, allegedly in their individual capacities, and WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of State for Massachusetts,

               Defendants,

and

TWITTER, INC.,

               Proposed Additional Defendant.
_____

Case No. 1:20-cv-11889-MLW

**DECLARATION OF MICHAEL ANDERSON IN SUPPORT OF TWITTER'S OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**

I, Michael Anderson, hereby declare as follows:

    1. I am a Senior Engineering Manager at Twitter, Inc. ("Twitter"). I have been working at Twitter since November 18, 2013. My job responsibilities at Twitter include serving as Senior Engineering Manager for the team that develops and maintains the sign-up process to establish a Twitter account. We write the functionality that determines which steps in the sign-up flow must be completed, and in which order. Based on my job responsibilities and experience, I have

personal knowledge of the historical process by which individuals register for a Twitter account. I also have knowledge of the manner in which Twitter's Terms of Service ("TOS") are presented to prospective accountholders. If called to testify regarding the facts set forth in this Declaration, I could and would testify competently thereto.

2. To create a Twitter account, a prospective user must go through an online sign-up process that requires them to provide certain information, such as their name and phone number or email address. Since at least 2010, before individuals click the link to complete the signup process, they are presented with a screen telling them that by signing up to Twitter and creating an account, they are agreeing to the TOS. That message includes a link to the TOS. While the precise language of the message may have changed over time, individuals have always had to affirmatively agree to the TOS before signing up for a Twitter account, and a link to the TOS was always presented to them as part of the sign-up process. In addition, in August 2011 when Plaintiff Dr. Shiva Ayyadurai signed up for his @va_shiva account, the TOS appeared on web browsers in a scrollable box on the same screen. The following is an image of the sign-up page that was in place for individuals signing up using a web browser when Plaintiff Dr. Shiva Ayyadurai signed up for his @va_shiva account in August 2011.

# It's your turn.
# Join Twitter.

Full name

Enter your first and last name.

Email

Password

Username

☑ Keep me logged-in on this computer.

By clicking the button, you agree to the terms below:

These Terms of Service ("**Terms**") govern your access to and use of the services and Twitter's websites (the "**Services**"), and any information, text, graphics, photos or other materials

Printable versions:
Terms of Service · Privacy Policy

**Create my account**

Note: Others will be able to find you by name, username or email. Your email will not be shown publicly. You can change your privacy settings at any time.

3. Dr. Shiva Ayyadurai created a Twitter account: @va_shiva, in August 2011, using a web browser.  Attached as **Exhibit B** to the Ellsworth Declaration (Dkt. 88) is a true and correct copy of the TOS in place when he signed up for his @va_shiva account in August 2011.  The sign-up process outlined in paragraph 2 above outlines the material steps in the process that Dr. Shiva Ayyadurai had to follow when he set up his @va_shiva account.  In order for Dr. Shiva Ayyadurai to create this Twitter account, he was required to affirmatively click the "Create my account" button, which the page explained would indicate that he agreed to the TOS.

4. The version of the TOS in place at the time Dr. Shiva Ayyadurai signed up for this account in August 2011 contained the following forum selection clause, which designated San Francisco, California as the venue for all disputes arising in connection with Twitter's services:

> These Terms and any action related thereto will be governed by the laws of the State of California without regard to or application of its conflict of law provisions or your state or country of residence. All claims, legal proceedings or litigation arising in connection with the Services will be brought solely in San Francisco County, California, and you consent to the jurisdiction of and venue in such courts and waive any objection as to inconvenient forum.

The TOS in effect at that time also stated that:

> We may revise these Terms from time to time, the most current version will always be at twitter.com/tos. If the revision, in our sole discretion, is material we will notify you via an @Twitter update or e-mail to the email associated with your account. By

continuing to access or use the Services after those revisions become effective, you agree to be bound by the revised Terms.

5. Attached as **Exhibit A** to the Ellsworth Declaration (Dkt. 88) is a true and correct copy of the version of Twitter's current User Agreement, including its component TOS, that is currently in effect, and that was in effect at the time Twitter permanently suspended Dr. Shiva Ayyadurai's account in February 2021. This version of the TOS went into effect on June 18, 2020, before the events at issue in this case took place, and before Plaintiff filed this suit. These current terms are available on the Twitter website, at https://twitter.com/en/tos, and may be viewed at any time. This version includes a forum selection clause providing that:

> All disputes related to these Terms or the Services will be brought solely in the federal or state courts located in San Francisco County, California, United States, and you consent to personal jurisdiction and waive any objection as to inconvenient forum.

This language has appeared in every version of the TOS since September 30, 2016, *see* https://twitter.com/en/tos/previous/version_11, https://twitter.com/en/tos/previous/version_12, https://twitter.com/en/tos/previous/version_13, https://twitter.com/en/tos/previous/version_14.

6. The current version of the TOS, and all versions of the TOS that have been in effect since September 30, 2016, have provided:

> We may revise these Terms from time to time. The changes will not be retroactive, and the most current version of the Terms, which will always be at twitter.com/tos, will govern our relationship with you. We will try to notify you of material revisions, for example via a service notification or an email to the email associated with your

account. By continuing to access or use the Services after those revisions become effective, you agree to be bound by the revised Terms.

*See* https://twitter.com/en/tos/previous/version_11, https://twitter.com/en/tos/previous/version_12, https://twitter.com/en/tos/previous/version_13, https://twitter.com/en/tos/previous/version_14.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on May 14, 2021 in San Francisco, California.

*/s/Michael Anderson*
Michael Anderson

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 14, 2021.

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth (BBO #665232)
felicia.ellsworth@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Patrick J. Carome (BBO #542808)
 (*pro hac vice* pending)
patrick.carome@wilmerhale.com
Ari Holtzblatt (*pro hac vice* pending)
ari.hotlzblatt@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Proposed Additional Defendant* **TWITTER, INC.**