UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE No. 1:20-CV-11889-MLW

Dr. SHIVA AYYADURAI                         )
    Plaintiff,                        )
           )
  v.                                        )
           )
WILLIAM FRANCIS GALVIN,                      )
MICHELLE K. TASSINARI,                       )
DEBRA O'MALLEY,                              )   JURY DEMANDED
AMY COHEN,                                   )
NATIONAL ASSOCIATION OF                      )
STATE ELECTION DIRECTORS,                    )
all in their individual capacities, and      )
WILLIAM FRANCIS GALVIN,                      )
in his official capacity as Secretary        )
of State for Massachusetts,                  )
    Defendants,                       )
and                                          )
TWITTER INC., proposed defendant)

**SUPPLEMENTAL DECLARATION**
REGARDING THE CARDILLE AFFIDAVIT FILED BY TWITTER

On May 14, 2021, proposed defendant Twitter Inc. ("Twitter") filed with this court a

supplemental memorandum and included a sworn affidavit (ECF #96) signed by Stacia Cardille,

Director and Associate General Counsel at Global Policy Legal within Twitter, and presented to

this court by her as a representative of Twitter.

   Attorney Cardille previously worked as an attorney in the House, Senate, Obama White

House and the Department of Energy, and thus is fully aware of the nature of sworn affidavits

and the ethical standards that must apply to them.



**Stacia Cardille**
@StaciaCardille

Director and Associate General Counsel, Global Policy Legal @Twitter || Former attorney in the House, Senate, Obama White House, and Dept. of Energy || Mom of 3

⌖ Washington, D.C.   📅 Joined September 2018

The affidavit swears out to this court that:

1   On January 9, 2021, Twitter instituted a new 5-strike enforcement protocol as an uniform policy regarding elections "Civic Integrity Policy";

2   The 5-strike sanctions identified violations of said policy and escalated with repeat offenses;

3   Plaintiff's tweets between January 9, 2021 and February 1, 2021 were identified by Twitter employees as violating said policy;

4   Twitter applied two 12-hour account locks on January 18th and January 19th;

5   On February 2, 2021, a Twitter employee identified three tweets sent on February 1, 2021 as violations of policy;

6   On February 2nd or 3rd that Twitter employee then referred the violations to a higher Team who determined that Plaintiff had accrued three strikes on February 1 for a total of six (6) strikes, and therefore then permanently suspended Plaintiff's Twitter account; and,

7   Twitter followed an independent, internal, uniform, methodical process prior to deplatforming the Plaintiff.

## THE CARDILLE AFFIDAVIT IS CONSCIOUSLY FALSE

**1**

This court must note adversely that the Cardille affidavit does not present documentary evidence in the form of time-stamped copies of the written determinations from its internal Team that allegedly declared on February 3, 2021, that Plaintiff's account would be suspended permanently based on the orderly accrual of six strikes between January 9 and February 1, 2021.

This court and Cardille are both equally aware that on February 1, 2021, itself Twitter deplatformed the Plaintiff immediately after he spoke on Twitter in a video lecture about this very lawsuit and the implications of the Tassinari emails.

The real timeline of action shows that on February 1, 2021 itself, Twitter sent Plaintiff an email notice of permanent suspension, SEVENTEEN (17) MINUTES after his video lecture ended. Here is the February 1, 2021 email from Twitter to Plaintiff announcing his suspension:



On February 4, 2021, this Plaintiff filed his motion for an injunction with this court based on Twitter deplatforming him on February 1, 2021 in retaliation for him talking to his followers about this very lawsuit and the Tassinari emails.

Cardille fully knew that there was no internal, independent, methodical, uniform, deliberative process followed within Twitter that resulted in Plaintiff being deplatformed on February 1, 2021, within SEVENTEEN (17) MINUTES of Plaintiff speaking publicly about this lawsuit and the Tassinari emails.

Cardille fully knew that her assertion that Twitter deplatformed this Plaintiff for accumulating six (6) strikes by violating Twitter's January 9th Civic Integrity Policy is a conscious falsehood aimed solely at fabricating the false narrative that Twitter's action was not state action.

Cardille also fully knew that Twitter deplatformed this Plaintiff on February 1, 2021 itself and not after two days of internal deliberations independent of the Commonwealth defendants. This fact has been in front of this court from February 4, 2021 and was the subject of multiple news reports as well, including on February 5, 2021, from the Associated Press, which reported that the Plaintiff had filed a complaint with this court two (2) days prior.

https://apnews.com/article/senate-elections-elizabeth-warren-elections-ca43aabf3d6a7e405db7e4fef80e10b2

Furthermore, the Cardille affidavit claims that on January 18th and 19th this Plaintiff was locked out of Twitter for 12 hours each time. No evidence is presented to support this assertion that aims to present the fabricated claim of escalating internal action during January.

Plaintiff was never locked out of his Twitter account throughout the month of January 2021 and tweeted every single day, except for Sunday January 10th, when he took the day off

and did not post on any social media account, including Facebook. This graph documents his ability to tweet every day:



Daily Tweets from @va_shiva of Dr. Shiva Ayyadurai Twitter Account
January 9 – February 1, 2021

**2**

The Cardille affidavit presents two (2) screenshots on page 12 that it claims are two (2) **"tweets"** that violated the January 9th policy and resulted in a Twitter Team determining on February 3rd that plaintiff must be deplatformed.

The court must note adversely that the Cardille affidavit, from Twitter's official representative, **does not include one single tweet from Twitter itself** from the period in question.

The only two images included in the Cardille affidavit are screenshots taken from FACEBOOK!

Plaintiff still retains access to his complete Twitter account and is able to view every one of his tweets. Plaintiff has more than 30 megabytes of screenshots from the period between January 9th and February 1st 2021. Twitter internally has full access to all those tweets too and could easily have produced screenshots of the tweets as they appear right now.

It is disingenuous of Twitter's official representative to mislead this court into thinking that she has included screenshots from Plaintiff's Twitter account when they actually are of Facebook posts, and implying that they have no access to the actual six (6) that counted as "strikes." The court can see from the page 12 screenshots that even the name on the account is different.

The conclusion is inescapable that the reason the Cardille affidavit does not include screenshots of the six (6) tweets that Twitter **now claims** violated its January 9th policy and accrued six strikes is because they all refer to this Plaintiff **speaking about this lawsuit** and the Tassinari emails. Below are the screenshots of the six (6) tweets that Twitter NOW claims accrued six (6) strikes. The first three (3) shown below with time stamps (of PDT time) are from February 1, 2021 when Plaintiff allegedly got three (3) strikes in one day. The other three (3) tweets are from January 9th and January 17th.













The court must note that the screenshots of the February 1st tweets that allegedly accrued three (3) strikes, still do not have ANY flags or labels applied to them – many months later. This evidence conclusively demonstrates that no employee or review team reviewed these tweets, not on February 1, not on February 2, and not on February 3.  The Plaintiff video lecture on this lawsuit and Tassinari's email began at 8:12PM EDT and ended at 9:31PM EDT.  The guillotine fell at 9:48PM EDT.  There was no internal "review" or "escalation" process.  This tweet had already been targeted by the RICO enterprise on September 24, 2020 to silence a U.S. Senate political candidate.

The Cardille affidavit, though striving to fabricate the false narrative of internal independent private Twitter action, still could not risk disclosing that each of the claimed strike tweets related **solely to Plaintiff discussing <u>this lawsuit</u>** in which Galvin and Tassinari are defendants.

Even the Cardille affidavit does not point to a single tweet that does not refer to this lawsuit and Tassianri.

There is no legal or technological hurdle that blocked Twitter from including screenshots from within Twitter of the six (6) tweets it claims led to Plaintiff's private deplatforming by Twitter internally. Twitter chose to conceal them from this court.

In order to mislead this court away from this obvious conclusion, the Cardille affidavit engages in conscious misdirection and distractions by claiming that the Facebook screenshots are the only ones "publicly available" when ALL tweets are available internally to Twitter itself, and by further claiming the false moral high ground by redacting public employee Tassinari's government email address which is a public record that is present unredacted in the first

amended complaint and proposed second amended complaint.  As can be seen from the screenshot below, Michelle Tassinari's government email address is wholly public and accessible to anyone in the world at https://www.sec.state.ma.us/ele/elepdf/Public-Notice-2018-State-Primary-Date-Revised.pdf. The Secretary of State **invites** the public to email her at the address: michelle.tassinari@sec.state.ma.us.

It is totally false that Tassinari's government email address "constitutes personally identifiable information" that needs to be redacted or can serve as the reason for Twitter to delete the email screenshots from a U.S. Senate candidate who was reporting his observation on government malfeasance to make public officials accountable.



**The Commonwealth of Massachusetts**
William Francis Galvin, Secretary of the Commonwealth
Elections Division

*NOTICE OF OPPORTUNITY FOR PUBLIC REVIEW AND COMMENT*

The Office of the Secretary of the Commonwealth is soliciting public comment concerning the date of the Massachusetts State Primaries in 2018.

The provisions of section 28 of chapter 53 of the General Laws, as amended by section 65 of chapter 46 of the Acts of 2015, state:

> [i]f a religious holiday falls on or immediately before the second Tuesday in September (September 11, 2018) in an even-numbered year, the state primary shall be held on a date set by the state secretary within 7 days of the second Tuesday in September.

In 2018, Rosh Hashanah begins on September 9th and ends on September 11th, creating the need to change the primary date to a date within 7 days of September 11th.

The Secretary welcomes public comments on the new date for the 2018 State Primaries. Comments may be made in person or in writing. In person comments may be made at an open public session to be held on Tuesday, January 2, 2018, at 10:00 a.m. in the 17th floor conference room of the Office of the Secretary, One Ashburton Place, Boston, Massachusetts 02108. Also, written comments will be accepted until 2:00 p.m. on January 2, 2018.  Written submissions should be delivered to Michelle K. Tassinari, Director/Legal Counsel, Elections Division, Office of the Secretary of the Commonwealth, One Ashburton Place, Room 1705, Boston, MA 02108 or via email to Michelle.Tassinari@sec.state.ma.us.

CONCLUSION

The Cardille affidavit fabricates the false narrative of internal escalating action and six (6)

strikes pursuant to an internal policy violation. There is zero evidence to support this false claim.

Plaintiff respectfully requests this court to examine Cardille closely at the May 20, 2021,

hearing, regarding these glaring falsehoods and give serious consideration to sanctions for

Cardille and Twitter committing a conscious *Hazel-Atlas Glass* level fraud upon this court

instead of assisting this court in good faith to get at the truth.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai
_____
**Dr. Shiva Ayyadurai**
Date: May 19, 2021          Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com


CERTIFICATE OF SERVICE

Plaintiff certifies that he served this motion, memorandum and affidavit upon Defendants
via their counsel via ECF.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai
_____
**Dr. Shiva Ayyadurai**
Date: May 19, 2021          Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com