# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dr. SHIVA AYYADURAI,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, MICHELLE K. TASSINARI, DEBRA O'MALLEY, AMY COHEN, NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS, all in their individual capacities, and WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of State for Massachusetts,<br><br>    Defendant. | Case No. 1:20-CV-11889-MLW |

## MOTION OF BRENNAN CENTER FOR JUSTICE AT NYU LAW

## FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

    Brennan Center for Justice at NYU Law respectfully moves for leave to file the accompanying *amicus* brief in support of no party. Plaintiff and counsel for Defendants have been contacted via email on May 19, 2021 to request assent for the filing of this brief. Counsel for Defendants assented. Plaintiff did not respond to the request prior to the filing of this brief.

    The Court has indicated that it will entertain motions to participate in this case as *amicus curiae*. Dkt. Entry #92 at 3. As this Court has recognized, "The role of an *amicus curiae*, meaning 'friend of the court,' is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a

1

proper decision." (internal quotations and citations omitted). *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass.), *aff'd*, 807 F.3d 472 (1st Cir. 2015).

This Court has noted that this case raises a substantial question of constitutional law, namely, "whether Twitter's conduct should be deemed to be state action subject to the limitations of the Free Speech Clause of the First Amendment to the United States Constitution." Dkt. Entry 92, at 2. This question is of great importance to the general public interest, going to the heart of election officials' ability to defend our democracy against disinformation campaigns that undermine our own citizens' willingness to accept the outcomes of free and fair elections.

Falsehoods about the November 2020 Presidential election, many circulated on social media, have led to criminal threats against the public servants who administer our elections, as well as the violent attack at our nation's capitol on Jan. 6, 2021.[1] Unfortunately, these falsehoods have not entirely subsided. As this case is being heard, a ludicrous and dangerous effort is under way in Maricopa County, AZ, to feed baseless claims of fraud during the November 2020 election. That state's Secretary of State has provided the public with correct information about the election results as well as the effort to undermine them, and she now requires police protection due to criminal threats against her.[2]

---

[1] A fuller set of details is provided in the accompanying brief.

[2] *See* Anna Maja-Rappard & Paul LeBlanc, "Arizona Secretary of State Assigned Protection Following Death Threats Amid Election Audit," CNN, May 7, 2021, *available at* https://www.kctv5.com/arizona-secretary-of-state-assigned-protection-following-death-threats-amid-election-audit/article_5c3e4867-e382-5171-ade2-a77f7dbabc12.html.

Protecting free and fair elections against threats, including dangerous disinformation campaigns about their integrity, is central to the mission of the Brennan Center for Justice.[3] *Amicus* respectfully submits the attached brief urging the Court to find that all claims against the current defendants fail as a matter of law because no state action violating the First and Fourteenth Amendments has been alleged. Fed. R. Civ. Proc. 12(b)(6). As set forth in the attached brief, election officials—who are neither law enforcement nor exercise any regulatory power over the internet, but who are experts in how their own elections are run—do not coerce internet companies such as Twitter when they advise the companies that they are, likely unwittingly, hosting falsehoods about elections. Likewise, private corporations seeking to be socially responsible and combat election disinformation do not engage in state action and are free to make decisions about what speech they will and will not host while soliciting input from election administration experts including election officials.

## CONCLUSION

For the foregoing reasons, *Amicus* requests the Court's leave to file the accompanying brief. If the Court grants such leave, *Amicus* requests that the brief be considered filed as of the date of this motion's filing.

---

[3] A more comprehensive description of the Brennan Center, its interest as *amicus*, and the information it wishes to call to the Court's attention are contained in the accompanying brief.

Dated: May 19, 2021 Respectfully submitted,

By:    /s/ *Craig R. Smith*
   Craig R. Smith (BBO No. 636,723)
   Eric P. Carnevale (BBO No. 677,210)
   **LANDO & ANASTASI, LLP**
   60 State Street, 23rd Floor
   Boston, MA 02109
   Tel: (617) 395-7000
   Fax: (617) 395-7070
   Email: csmith@lalaw.com
          ecarnevale@lalaw.com

Of counsel:

Lawrence Norden*
Gowri Ramachandran*
Derek Tisler*
**BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW**
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310
Email: lawrence.norden@nyu.edu
       gowri.ramachandran@nyu.edu
       derek.tisler@nyu.edu

*\*Pro Hac Vice Motion Pending*

## CERTIFICATE OF SERVICE

I certify that on May 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants. Any other counsel of record will receive the foregoing via e-mail in PDF format.

                          */s/ Craig R. Smith*
                          Craig R. Smith