UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br><br>                    Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, MICHELLE K. TASSINARI, DEBRA O'MALLEY, AMY COHEN, NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS, allegedly in their individual capacities, and WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of State for Massachusetts,<br><br>                    Defendants,<br><br>and<br><br>TWITTER, INC.,<br><br>                    Proposed Additional Defendant. | Case No. 1:20-cv-11889-MLW |

## SUPPLEMENTAL DECLARATION OF STACIA CARDILLE

I, Stacia Cardille, declare as follows:

1. I am Director and Associate General Counsel, Global Policy Legal at Twitter, Inc. ("Twitter"). I have held that position since July 2018. A significant aspect of my role involves policy-related, non-legal responsibilities, including working with external stakeholders on issues related to Twitter's efforts to safeguard the conversation occurring on the service regarding elections and civic processes. Based upon information I have learned and received in the course of my work in that capacity, including information provided to me by other employees of the company and Twitter documents and business

1

records I have reviewed in the preparation of this declaration, I have knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto. I submit this declaration as a representative of Twitter and in doing so do not and do not intend to waive any attorney-client or other privilege.

2. I am submitting this declaration to clarify one paragraph of the declaration that I executed on May 14, 2021, Dkt. 96, and to correct a date referenced in another paragraph of that declaration.

3. In paragraph 22 of my May 14, 2021 declaration, I explained that a Twitter employee's review of three Tweets that @va_shiva posted on the Twitter platform on February 1, 2021 occurred on "[t]he following day." Twitter's record-keeping system uses Coordinated Universal Time ("UTC"), which is five hours ahead of Eastern Standard Time. The employee reviewed the three Tweets referenced in paragraph 22 of my prior declaration shortly before 2:48 AM on February 2, 2021 (UTC), which was 9:48 PM on February 1, 2021 (EST). This corresponds with the information provided in Plaintiff's Supplemental Declaration, Dkt. No. 100, in which Plaintiff included a screenshot of an email from Twitter with a time stamp of 9:48 PM on February 1, 2021 (EST).

4. In paragraph 23 of my May 14, 2021 declaration, I stated that the @va_shiva account's permanent suspension took effect on February 3, 2021. Based on a further review occasioned by Plaintiff's declaration, Dkt. No. 100, Twitter has determined that the suspension in fact took effect at 2:48 AM on February 2, 2021 (UTC), immediately after the Twitter employee reviewed the offending Tweet. My May 14, 2021 declaration's reference to a later effective date was an inadvertent error.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. This declaration was executed on May 19, 2021 in Washington, D.C.

                                               /s/   *Stacia Cardille*
                                               Stacia Cardille

Dated: May 19, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 19, 2021.

                                                               /s/ *Felicia H. Ellsworth*
                                                                  Felicia H. Ellsworth