UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE No. 1:20-CV-11889-MLW

| | |
|---|---|
| Dr. SHIVA AYYADURAI ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM FRANCIS GALVIN, ) | |
| MICHELLE K. TASSINARI, ) | |
| DEBRA O'MALLEY, ) | JURY DEMANDED |
| AMY COHEN, ) | |
| NATIONAL ASSOCIATION OF ) | |
| STATE ELECTION DIRECTORS, ) | |
| all in their individual capacities, and ) | |
| WILLIAM FRANCIS GALVIN, ) | |
| in his official capacity as Secretary ) | |
| of State for Massachusetts, ) | |
| Defendants, ) | |
| and ) | |
| TWITTER INC., proposed defendant) | |

**SUPPLEMENTAL MEMORANDUM**
REGARDING QUALIFIED IMMUNITY
FOR THE COMMONWEALTH DEFENDANTS

On May 20, 2021, this court held the first day of hearings on pending motions. One of the questions discussed concerned the argument from Galvin, Tassinari and O'Malley that the court must grant them qualified immunity because, they argued, no state official in Massachusetts was on notice that silencing a candidate during his run for office based on the content of his speech, was unreasonable and a violation of the Federal constitution. These three defendants also argued that the precedent set by the Massachusetts Supreme Judicial Court in *Commonwealth v. Melissa Lucas*, 472 Mass. 387 (2015) was not even persuasive in Federal court and that it involved only the Massachusetts constitution.

The court ordered this Plaintiff to show that the SJC decision involved the Federal constitution and that it did apply to the conduct of the three state officials in this case and that broad high-level knowledge that they must not violate freedom of speech was not enough to prevent the grant of qualified immunity.

*Lucas* was a case that challenged the constitutionality of a Massachusetts law that criminalized speech that was allegedly false or defamatory. When Ms. Lucas filed her complaint, she chose to raise her challenge only under the Massachusetts constitution. Thus the SJC ruled that the challenged law was unconstitutional under the Massachusetts constitution.

However the SJC discussed in the *Lucas* case the overarching importance of the Federal constitution on speech in Massachusetts as well as the U.S. Supreme Court's ruling in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), on page 391:

""It is well known that the public begins to concentrate on **elections only in the weeks immediately before they are held**. There are short timeframes in which speech can have influence. The need or relevance of the speech will often first be apparent at this stage in the campaign. The decision to speak is made in the heat of political campaigns, when speakers react to messages conveyed by others. A speaker's ability to engage in political speech that could have a chance of persuading voters is stifled if the speaker must first commence a protracted lawsuit. By the time the lawsuit concludes, the election will be over and the litigants in most cases will have neither the incentive nor, perhaps, the resources to carry on, even if they could establish that the case is not moot because the issue is 'capable of repetition, yet evading review.' These arguments have substantial force here." On page 392 the SJC then cited an 8th Circuit case - *281 Care Comm. v. Arneson*, 766 F.3d 774, 790 & n.12 (8th Cir. 2014), cert. denied, 135 S. Ct. 1550 (2015) - ""State has constructed a process that allows its enforcement mechanisms to be used to

extract a cost from those seeking to speak out on elections, right at the most crucial time for that particular type of speech. And if the allegations turn out to be unfounded, there is no possibility of timely remedy" [citation omitted]." In fact the SJC explicitly chose to follow the ruling in *Citizen's United* to decide *Lucas* - "Because "a statute which chills speech can and must be invalidated where its facial invalidity has been demonstrated," *Citizens United*, 558 U.S. at 336, we decline to dismiss this case on statutory grounds without first considering whether the statute is, in fact, constitutional."

In our case here, Plaintiff was silenced *"in the weeks immediately before" the elections were held* – precisely, silenced three weeks.  The State Defendants have already conceded they were responsible for this silencing.

The SJC thus fully applied Federal case law to its determination of the issue before it in *Lucas*, even though her lawyer chose to file only under the Massachusetts constitution. The government of Massachusetts has long held that the framework of the Massachusetts constitution is IDENTICAL to the U.S. constitution. https://www.mass.gov/guides/john-adams-the-massachusetts-constitution

Plaintiff therefore submits that a close reading of the *Lucas* decision demonstrates that the law being challenged *was ruled unconstitutional based on Federal case law.* As repeatedly stated in the 1st amended complaint and proposed 2nd amended complaint, the state defendants were on notice from *Lucas* that chilling a candidate's speech during his campaign violated the U.S. constitution and the ruling in *Citizen's United*. Were this court to certify this question to the SJC, it is highly likely that the SJC would respond that *Lucas* was decided also under the U.S. Constitution.

The State Defendants then argued in this court yesterday on May 20th that the SJC ruling in *Lucas*, even if it put them on notice as state officials, could not influence the decision of a federal court in this district.

Plaintiff submits case law from a case in this circuit to demonstrate that the rulings of the SJC must be accorded persuasive effect in this district. In *Santana v. Calderon* 342 Fed.3d 18 (1st Cir. 2003) the 1st Circuit ruled that the defendants were unaware their action violated Puerto Rico law. In our case here the state defendants fully knew their action violated Massachusetts law.

In addition, Plaintiff submits case law from federal courts that rejected qualified immunity for public officials who chilled speech on matters of public concern, because public officials are already on notice that chilling such speech is a clearly established violation of the law.

In *Greisen v. Hanken*, #17-35472, 2019 U.S. App. Lexis 16202, 2019 WL 2312566 (9th Cir.) the 9th circuit ruled that a city manager could not avail of qualified immunity for chilling the speech of a former police chief who suspected that the manager was responsible for improper accounting and budgeting practices. In our case here the Plaintiff too was speaking on a matter of public concern, and was a candidate to boot. Also see *Mayhew v. Town of Smyrna*, #16-5103, 856 F.3d 456, (6th Cir. 2017)

In *Brown v. Halpin*, #16-3615, 2018 U.S. App. Lexis 6387 (2nd Cir.) the court ruled that denial of qualified immunity was appropriate as that determination required a full factual record.

Given the huge impact of *Lucas* within Massachusetts, any reasonable official should have stopped to ask whether chilling a political candidate's speech on matters of public concern, already established as unlawful under the Massachusetts constitution, also violated clearly

established law under the US constitution, especially given the US Supreme Court's binding ruling in *Brown v. Hartlage*, 456 U.S. 45 (1982). Also *Moonin v. Tice*, #15-16571, 868 F.3d 853 (9th Cir. 2017) *Brown* is on point here as the defendants chilled Plaintiff's speech exclusively because of the ideas he expressed on the campaign trail and in his messages to his voters. See also *Mills v. Alabama*, 384 U.S. 214 (1966)

The court should be reminded that the State Defendants knowingly chilled Plaintiff's speech in multiple ways: 1) His speech as US Senate Candidate was silenced because he could no longer use Twitter, his #1 most important and critical platform for reaching to donors, volunteers, voters, prospective voters, three (3) weeks before the General Elections; 2) His speech as a private citizen who was speaking on the 2020 election – a matter of public concern; 3) His speech related to election integrity - a matter of public concern; 4) His speech related to violation of Federal law by the Defendants – a matter of public concern; 5) His speech alleging malfeasance of public officials – the State Defendants – a matter of public concern; and, 6) His speech related to an ongoing lawsuit against State Defendants – also, a matter of public concern. The Defendants' actions imposed a content-based restraint – a prior restraint – such that Plaintiff could not speak about election malfeasance on September 24, 2020, on February 1 2021, and NOW and ongoing. They SHUT OFF his largest and most critical megaphone – Twitter.

Finally, given the fact that Tassinari reacted specifically to the public release of screenshots of her emails by employing the specific pathway and process that she and Cohen and NASED and Twitter Legal had helped to architect, there is no doubt her action was retaliation for Plaintiff's speech on a matter of public concern. The Plaintiff had a clearly established right to free speech. The right to not be subject to such retaliatory action is clearly established law across all federal circuits. *Williams v. Tucker*, #15-3676, 857 F.3d 765, 2017 U.S. App. Lexis

8984 (8th Cir.) Just as Tucker in *Tucker*, Tassinari claims the adverse action on the Plaintiff was someone else's independent decision. The court ***saw through that transparent ruse and denied qualified immunity***. Also see *Kristofek v. Village of Orland Hills*, #14-2919, 2016 U.S. App. Lexis 14782 (7th Cir.), *Walton v. NM State Land Office*, #14-2166, 2016 U.S. App. Lexis 7030 (10th Cir.).

In fact retaliation for clicking Like on Facebook is against clearly established law. *Bland v. Roberts*, 857 F. Supp. 2d 599 (E.D. Va. 2012), aff'd in part, rev'd in part and remanded, 730 F.3d 368 (4th Cir. 2013).

The State Defendants must prove that their chilling of a political candidate's speech was reasonable, despite *Brown v. Hartlage*, 456 U.S. 45 (1982) as well as *Lucas*. See *Joyce v. Tewksbury*, 112 Fed.3d 19 (1st Cir. 1997) In contrast to the defendants in *Santana v. Calderon* 342 Fed.3d 18 (1st Cir. 2003), the State Defendants were already aware of both *Brown* and *Lucas*.

CONCLUSION

The State Defendants may not avail of qualified immunity as it was clearly established law that they shall not chill a political candidate's speech based on its content. See *Brown*, supra.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai

Date: May 21, 2021

**Dr. Shiva Ayyadurai**
Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com

CERTIFICATE OF SERVICE

Plaintiff certifies that he served this memorandum upon Defendants via their counsel via ECF.

Respectfully submitted under the pains and penalties of perjury,

/s/ Dr. Shiva Ayyadurai

Date: May 21, 2021

**Dr. Shiva Ayyadurai**
Plaintiff, *pro se*
701 Concord Ave,
Cambridge, MA 02138
Phone: 617-631-6874
Email: vashiva@vashiva.com