UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DR. SHIVA AYYADURAI,

                Plaintiff,

        v.

WILLIAM FRANCIS GALVIN, in his official
capacity as the Secretary of the Commonwealth
of Massachusetts and his individual capacity,
MICHELLE TASSINARI, in her individual
capacity, DEBRA O'MALLEY, in her individual
capacity, AMY COHEN, in her individual capacity,
and NATIONAL ASSOCIATION OF STATE
ELECTION DIRECTORS

                Defendant.

CIVIL ACTION
NO. 1:20-cv-11889-MLW

## RESPONSE TO PLAINTIFF'S MAY 25, 2021 STATUS REPORT BY SECRETARY WILLIAM FRANCIS GALVIN, MICHELLE TASSINARI, AND DEBRA O'MALLEY

Defendants Secretary William Francis Galvin, Michelle Tassinari, and Debra O'Malley hereby submit this response to Plaintiff's status report of May 25, 2021.

1.      Defendants object to Plaintiff's proposal for "hybrid" representation with Attorneys Cooper and Harder in which Plaintiff would have an attorney sign pleadings but would otherwise retain the ability to speak in court. "A party has a right to represent himself or to be represented by an attorney, but he cannot have it both ways." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). As the First Circuit has emphasized, there "no right to hybrid representation" in a federal court proceeding. United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989). Although a district court has the discretion to allow such a hybrid arrangement, such "largesse is

1

… to be dispensed sparingly." McCulloch, 364 F.3d at 5. As the First Circuit has cautioned, such unusual arrangements in which a party exercises rights of self-representation tend to increase the "burden on the trial judge" and "test the limits of the court's patience and ingenuity" in addressing the pro se party's "unorthodox courtroom tactics." Nivica, 887 F.2d at 1122. Plaintiff's proposal, to have an attorney write and sign pleadings while Plaintiff retains the ability to speak without any of the professional ethical restraints that would apply to his counsel, is an invitation to protracted, disorderly, and fractious proceedings and will not bring the regularity to this case that this Court sought to promote when encouraging Plaintiff to retain counsel. Plaintiff cannot have it both ways. Either his attorney(s) will represent him or not. Any hybrid representation will serve only to delay proceedings and prejudice the Defendants.

   2. To the extent that the Court plans to appoint counsel for Plaintiff at taxpayers' expense, Defendants object for two reasons. First, Plaintiff reports that he has retained a California-based attorney, Charles Harder, Esq., to represent him in this case. As Plaintiff has now hired his own attorney at his own expense, there is no longer any need for the Court to appoint a second attorney to appear on Plaintiff's behalf as well. Second, Defendants note that the Court is not empowered to appoint counsel for a pro se party in a civil case absent a showing of indigency. "There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). While the Court is empowered to request that an attorney represent any person unable to afford counsel under 28 U.S.C. § 1915(e)(1), a plaintiff seeking appointment of counsel under Section 1915(e)(1) must minimally demonstrate, among other things, that he is indigent. See Tyree v. Massachusetts, 2008 WL 427293, at *2 (D. Mass. Feb. 17, 2008) (Wolf, J.). Plaintiff has not made any such showing. Although Plaintiff stated that he has had difficulty retaining an attorney because he "was using Twitter to raise

money," (May 20, 2021 Transcript at 122),[1] this is a far cry from proving indigency.  Plaintiff is still actively raising funds for his political campaigns on his personal website and on other social media platforms.[2]  FEC filings show that he contributed more than $1 million of his own money to his campaign in 2020 and had more than $58,000 cash in his campaign account at the end of 2020.[3]  Minimally, the Court should require Plaintiff to demonstrate his indigency before appointing counsel for him at public expense.

3.      Plaintiff's indication that he will commence discovery and promulgate a schedule for completing discovery is premature and without basis.  Defendants will object to any discovery propounded by Plaintiff at this stage.  Defendants submit that the Court must first decide motions to dismiss – particularly on the money damages claims against the Defendants in their individual capacities and on the Eleventh Amendment immunity issue raised by the Secretary's motion to dismiss under Rule 12(b)(1) – before discovery may commence.  As will be discussed in a supplemental memorandum in support of Defendants' motion to dismiss that Defendants intend to file, the Court must adjudicate the Eleventh Amendment immunity issue before discovery into the First Amendment merits issue may begin.[4]

4.      Defendants also request that the Court rule on the individual Defendants' motion to dismiss.  The Court indicated that it was likely to dismiss all claims against the Defendants in their individual capacities.  See May 20, 2021 Transcript at 12-13 ("The plaintiff has sued the

---

[1]      Contrary to what he told the Court about the reason why he had yet to retain an attorney, Plaintiff has frequently stated on his social media posts that he chose to proceed pro se as a political choice, not a financial one.

[2]      See, e.g., https://vashiva.com/the-lawsuit-against-government-twitter-that-big-media-will-never-cover/; https://vashiva.com/contribute/?utm_source=firstam-lawsuit&utm_medium=web&utm_campaign=contrib; https://vashiva.com/first-amendment-twitter-galvin-lawsuit/; https://www.facebook.com/va.shiva.ayyadurai/ (May 26, 2021 post).

[3]      See https://www.fec.gov/data/candidate/S8MA00268/?cycle=2020&election_full=false.

[4]      Similarly, the Court must also resolve the individual Defendants' assertion of qualified immunity before exposing them to the burdens of discovery.

human beings who are defendants in their individual, their personal capacities and seeks money damages from them.  In my present view, those claims have to be dismissed.").  The Court should not delay in doing so, because such delay will impose needless burden on these public employees who should no longer be parties in this case.

5.      Defendants agree that a status conference should soon be set to discuss the issues raised by Plaintiff's filing.

Respectfully submitted,

Defendants,

WILLIAM FRANCIS GALVIN, in his official and individual capacities, MICHELLE TASSINARI, in her individual capacity, and DEBRA O'MALLEY, in her individual capacity,

By their attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Adam Hornstine
Anne Sterman (BBO No. 650426)
Adam Hornstine (BBO# 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2048
Anne.Sterman@mass.gov
Adam.Hornstine@mass.gov

Date: May 27, 2021

## <u>CERTIFICATE OF SERVICE</u>

  I, Adam Hornstine, Assistant Attorney General, hereby certify that I have this day, May 27, 2021, served the foregoing **Report**, upon all parties, by electronically filing to all ECF registered parties, and paper copies will be sent to those indicated as non-registered ECF participants.

        <u>/s/ Adam Hornstine</u>
        Adam Hornstine