UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

DR. SHIVA AYYADURAI,

         Plaintiff,

v.

WILLIAM FRANCIS GALVIN, MICHELLE K. TASSINARI, DEBRA O'MALLEY, AMY COHEN, NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS, allegedly in their individual capacities, and WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of State for Massachusetts,

         Defendants,

and

TWITTER, INC.,

         Proposed Additional Defendant.

Case No. 1:20-cv-11889-MLW

---

### NON-PARTY TWITTER'S RESPONSE TO PLAINTIFF'S MAY 25, 2021 STATUS REPORT

On May 25, 2021, Plaintiff filed a status report indicating, among other things, an intent to "submit a proposed schedule for targeted discovery." Dkt. 123 at 2. Non-party Twitter hereby notifies the Court of its objection to any discovery that Plaintiff might seek to propound to Twitter.

*First*, as a non-party, any discovery propounded to Twitter would necessarily be *third-party* discovery, with any disputes pertaining thereto adjudicated in the Northern District of California, where Twitter is located (and where Plaintiff has agreed to litigate any such disputes).

*Second*, no discovery directed at Twitter should be permitted until after this Court decides whether any claims against Twitter should be litigated in this proceeding. Twitter's opposition to

1

Plaintiff's motion for joinder and leave to amend remains outstanding. Twitter has also indicated that, if it were joined here, it would file a motion to dismiss or, in the alternative, transfer this case to the Northern District of California. Discovery should not be permitted before any such motions are resolved. *See Pirrone v. Leppo*, 2006 WL 8458433, at *5 (D. Mass. May 5, 2006) (holding that discovery motion was "premature . . . pending the resolution of the Motions to Dismiss"); *see also In re Apple, Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("[O]nce a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case."); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).

*Third*, even aside from those procedural issues, Plaintiff should not be permitted to conduct any discovery concerning Twitter's internal editorial policies and deliberations regarding what content or speakers appear on its online platform—including any decisions about blocking Plaintiff's Tweets or suspending his account. In the absence of extraordinary circumstances that are not present here, the First Amendment bars compelled disclosure regarding such protected editorial decisions and processes, and Section 230 of the Communications Decency Act, 47 U.S.C. § 230, prohibits subjecting Twitter to the burdens of litigation that such discovery would entail.

Should the Court be considering permitting any discovery directed at Twitter, Twitter requests the opportunity to file further briefing on these issues.[1]

Respectfully submitted,

*/s/ Felicia H. Ellsworth*

---

[1]   Plaintiff's status report also indicates that, while he will be represented by multiple counsel going forward, he is also seeking the Court's approval to "retain the ability to speak on [his] … own behalf in court" and to "tak[e] the lead in speaking" at hearings. In the event that Twitter were to be made a party here, Twitter would object to any such hybrid representation.

Felicia H. Ellsworth (BBO #665358)
felicia.ellsworth@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

PATRICK J. CAROME (BBO #542808)
  (*pro hac vice*)
patrick.carome@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

***Attorneys for Proposed Additional Defendant*
TWITTER, INC.**

Dated: May 28, 2021