UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dr. SHIVA AYYADURAI,<br><br>                Plaintiff,<br><br>   v.<br><br>WILLIAM FRANCIS GALVIN, MICHELLE K. TASSINARI, DEBRA O'MALLEY, AMY COHEN, NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS, all in their individual capacities, and WILLIAM FRANCIS GALVIN, in his official capacity as the Secretary of the Commonwealth of Massachusetts,<br><br>Defendants. | Case No.: 1:20-cv-11889-MLW |

**NON-PARTY TWITTER INC.'S RESPONSE TO PLAINTIFF'S**
**PROPOSED AGENDA FOR SCHEDULING CONFERENCE**

On June 1, 2021, the Court issued an order directing "[c]ounsel for plaintiff" to "confer with counsel for defendants and for Twitter, and, by June 11, 2021, propose an agenda for a scheduling conference" by filing a report. Scheduling Conference Order, Dkt. 135, ¶ 2. The Court also instructed counsel for plaintiff to address whether plaintiff proposes to seek any discovery before the pending motions are decided and directed the "parties" to succinctly state their respective views on any disputed issues in that report. *Id.* Non-party Twitter conferred with counsel for plaintiff and counsel for the defendants in accordance with the Court's order, and makes this submission to state its positions on issues raised by plaintiff's report.

**I.      Proposed Amended Complaint**

Twitter takes no position on when any motion for leave to file a new Second Amended Complaint should be filed. In the event that any such new proposed pleading seeks to make

Twitter a party to this proceeding, Twitter reserves its rights, in due course, to oppose the motion to amend, to seek to enforce its forum selection clause, to move to transfer any claim that is allowed to be initially asserted against Twitter to the Northern District of California, and to move to dismiss any such claim, including based on Twitter's own First Amendment rights and the protections that it enjoys under 47 U.S.C. § 230(c)(1) & (c)(2)(A).

## II.     Proposed Discovery

Twitter believes that plaintiff has not yet alleged any basis on which any discovery from Twitter is warranted, much less the at least substantially heightened basis that would be necessary to permit the taking of any discovery from Twitter that would intrude upon its rights under the First Amendment and/or the protections afforded to it by Section 230.

Moreover, plaintiff's report erroneously states, "Counsel for Twitter … insists that all discovery issues involving Twitter be litigated in the Central District of California, consistent with its forum selection clause." Dkt. 144 at 3. In fact, any discovery disputes arising from plaintiff's third-party discovery requests to Twitter would be subject to the jurisdiction of the Northern District of California per Federal Rules of Civil Procedure 45(c) and 37(a)(2) and the forum selection clause in Twitter's Terms of Service.

Respectfully submitted,

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth (BBO #665358)
felicia.ellsworth@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

PATRICK J. CAROME (BBO #542808)
(*pro hac vice*)

        patrick.carome@wilmerhale.com
        ARI HOLTZBLATT (*pro hac vice*)
        ari.holtzblatt@wilmerhale.com
        WILMER CUTLER PICKERING
          HALE AND DORR LLP
        1875 Pennsylvania Avenue, NW
        Washington, D.C. 20006
        Telephone:  (202) 663-6000
        Facsimile:  (202) 663-6363

        *Attorneys for non-party*
        **TWITTER, INC.**

Dated: June 11, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 14, 2021.

        */s/ Felicia H. Ellsworth*
        Felicia H. Ellsworth