```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| DR. SHIVA AYYADURAI,        )<br>    Plaintiff,            )<br>                             )<br>          v.              )<br>                             )<br>WILLIAM FRANCIS GALVIN,      )<br>MICHELLE K. TASSINARI,       )<br>DEBRA O'MALLEY,              )<br>AMY COHEN,                   )<br>NATIONAL ASSOCIATION OF STATE)<br>ELECTION DIRECTORS,          )<br>all in their individual      )<br>capacities, and              )<br>WILIAM FRANCIS GALVIN, in his)<br>official capacity as the     )<br>Secretary of the Commonwealth)<br>of Massachusetts,            )<br>    Defendants.              )  | C.A. No. 1:20-11889-MLW |

                    MEMORANDUM AND ORDER

WOLF, D.J.                                      July 16, 2021

This case concerns whether Twitter, Inc.'s ("Twitter") decision to first temporarily and then permanently suspend the Twitter account of plaintiff, former candidate for the United States Senate, Dr. Shiva Ayyadurai, should be deemed to be state action subject to the limitations of the Free Speech Clause of the First Amendment to the United States Constitution. See, e.g. Dennis v. Sparks, 449 U.S. 24, 27 (1980)(a private person will be treated as a state actor if he or she "is a willful participant in state joint action with the State or its agents"); Norwood v. Harrison, 413 U.S. 455, 465 (1973) ("a state may not induce, encourage or promote private persons to accomplish what it is

constitutionally forbidden to accomplish"). Plaintiff alleges that defendants, Secretary of the Commonwealth Francis Galvin, the National Association of State Election Directors, and several individual state election officials, violated his First Amendment rights by cajoling Twitter, or conspiring with Twitter, to silence plaintiff's criticism of Secretary Galvin's conduct following the September 2020 Massachusetts Republican Primary election.

Plaintiff filed his original complaint on October 20, 2020. See Original Complaint, Dkt. No. 1. He was then represented by counsel. See id. However, on October 27, 2020, he terminated his first counsel and proceeded to litigate pro se. See Dkt. Nos. 80-10. He has since filed a First Amended Complaint (Dkt. No. 23), moved for a preliminary injunction seeking restoration of his Twitter account (Dkt. No. 55), and sought to join Twitter as a party (Dkt. No. 64). He also moved for leave to file a Second Amended Complaint which would add Twitter as a party (Dkt. No. 78). Defendants filed motions to dismiss the First Amended Complaint (Dkt. Nos. 36, 44-45) and oppositions to plaintiff's motion for injunctive relief (Dkt. Nos. 58, 60). Twitter has also appeared and filed an opposition to plaintiff's motion to join it as a party (Dkt. No. 87).

The court held a two-day hearing concerning these pending motions on May 20 and May 21, 2021. See Dkt. Nos. 116, 117. After hearing argument on the complex issues raised by these motions,

the court suspended the hearing to provide plaintiff the opportunity to seek counsel to represent him.  See Dkt. No. 121.  Initially, the court proposed to appoint Howard Cooper of Todd & Weld, LLP ("Todd & Weld") to represent plaintiff and, if necessary, reimburse Todd & Weld for some its expenses from the District Court's Attorney Admission Fund.  See id.; see also May 21, 2021 Transcript ("Tr.") (Dkt. No. 130) at 7:14-8:13.  However, on May 25, 2021, plaintiff reported that he had personally retained Mr. Cooper.  See Dkt. No. 123.  Mr. Cooper and two other attorneys from Todd & Weld subsequently appeared on plaintiff's behalf.  See Dkt. Nos. 140-142.

On June 15, 2021, the court held a scheduling conference with the parties and Twitter, at which plaintiff was ably represented by Mr. Cooper.  See Dkt. No. 147.  During the hearing, the court stated that it intended to "put proceedings on a schedule that we can have another up to two days perhaps of hearings in mid to late August," at which, "if there's anything [the court] can decide orally, it will."  June 15, 2021 Tr. (Dkt. No. 151) at 7:12-14; 61:19-21.  Accordingly, the court issued an Order scheduling further hearings to begin on August 25, 2021, and directing plaintiff to file, by July 15, 2021, a revised proposed Second Amended Complaint and memorandum of law addressing certain issues raised at the May 20 and 21, 2021 hearing.  See June 16, 2021 Order (Dkt. No. 149).

Plaintiff has not complied with the June 16, 2021 Order. Instead, on July 14, 2021, Todd & Weld filed an Assented-to Motion to Withdraw as Counsel (Docket No. 156) (the "Motion to Withdraw"). As grounds, counsel stated that plaintiff terminated their representation as of July 13, 2021. See id. at 1. The same day, Timothy Cornell of Cornell Dolan, P.C. filed a notice of appearance on plaintiff's behalf.[1]  See Dkt. 157. On July 15, 2021, when plaintiff's revised proposed Second Amended Complaint and supporting memorandum of law were due to be filed, Mr. Cornell filed a Motion for Extension of Time until August 26, 2021, seeking an additional six weeks to make these submissions. See Dkt. No. 158 (the "Motion for Extension of Time"). Defendants oppose plaintiff's Motion for Extension of Time. See Dkt. No. 159.

By the time Todd & Weld moved to withdraw as counsel for plaintiff, the court had scheduled three days of hearings beginning on August 25, 2021. See June 16, 2021 Order (Dkt. No. 149). Consequently, counsel cannot withdraw without leave of the court. See L.R. 83.5.2; see also Miller v. Dunn & Phillips, P.C., 839 F. Supp. 2d 383, 386 (D. Mass. 2011) ("Even counsel whose services have been terminated by his client must still seek leave of court

---

[1] Mr. Cornell had previously filed a Motion to Appear as Amicus Curiae in support of plaintiff in this case. See Dkt. No. 112. In that motion, he stated that he had previously represented plaintiff in several First Amendment cases, but did not seek to represent him in this case or to be compensated in any fashion by him. See id. at 1.

4

to withdraw."). Similarly, plaintiff is not entitled to an extension of time unless the court concludes that the there is "good cause" to grant a modification of its scheduling order. See Fed. R. Civ. Pro. 16(b)(4).

Allowing either the Motion to Withdraw or the Motion for Extension of Time would unreasonably delay the resolution of the complex issues presented in this case. This delay would be prejudicial to the defendants sued individually for money damages, who have argued that plaintiff's claims against them individually should be dismissed based on qualified immunity. The Supreme Court has repeatedly stressed that "qualified immunity questions should be resolved at the earliest possible stage of a litigation." Anderson v. Creighton, 483 U.S. 635, 646, n.6 (1987). At the May 20, 2021 Hearing, the court stated that "all of the individual defendants in my current tentative conception and Twitter have qualified immunity that protects them from claims . . . against the individuals personally." See May 20, 2021 Tr. (Dkt. No. 132) at 13:9-12. Granting the six-week extension plaintiff seeks would, therefore, prejudice the individual defendants by subjecting them to further uncertainty and anxiety, among other things, probably unnecessarily.

In addition, this delay would disrupt the court's docket. After consulting the parties, the court ordered a briefing schedule that permitted Todd & Weld to review and revise plaintiff's pro se

5

submissions, provided for another round of briefing, and provided time for the court to prepare for up to three days of hearings beginning on August 25, 2021. The court's ability to prepare for and conduct those hearings later will be limited, in part because the court is scheduling trials and other in-court proceedings that have been postponed because of the COVID-19 pandemic.

For these reasons, the court is denying without prejudice Todd & Weld's Motion to Withdraw and is denying without prejudice Mr. Cornell's Motion for Extension of Time to make the filings required by the June 16, 2021 Order.

The court is also considering whether to impose sanctions on Dr. Ayyadurai personally, or to hold him in civil or criminal contempt for his failure to comply with the June 16, 2021 Order. Rule 16(f) of the Federal Rules of Civil Procedure states that "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)" if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. Pro. 16. Rule 37(b)(2) provides a range of sanctions available to the court, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. Pro. 37(b)(2)(A)(v).

The court has repeatedly admonished plaintiff that he is required to comply with both the Local Rules for the District of Massachusetts and the Federal Rules of Civil Procedure. See Oct. 29, 2020 Order (Dkt. No. 17) ("'pro se status does not free a

6

litigant in a civil case of the obligation to comply with the procedural rules.' Nor does it permit a litigant to disobey court orders") (citing Rivera v. Riley, 209 F.3d 24, 27-28 & n.2 (1st Cir. 2000)); Feb. 19, 2021 Order (Dkt. No. 63) ("Despite being admonished by the court concerning the need to comply with the Federal Rules of Civil Procedure and Local Rules, plaintiff did not file a memorandum of law in support of his Emergency Motion as required by Local Rule 7.1(b)(1) and allegedly did not confer with defendants concerning his motion for a subpoena to Twitter (Dkt. No. 56). Any future submissions that do not comply with the applicable Rules may be summarily denied"); see of Oct. 30, 2020 Tr. (Dkt. No. 24) at 95:5-13 ("you're going to have to read the rules and follow them").

Despite these warnings, plaintiff chose to terminate Todd & Weld and retain new counsel the day before he was required to file both his revised Second Amended Complaint and his supporting memorandum of law. Plaintiff was undoubtedly aware that replacing counsel just before these submissions were due would make it impossible for him to comply with the deadline set in the June 16, 2021 Order. Plaintiff has provided "no good reason why [he] could not have worked with [his] original counsel until a replacement was identified" and an orderly transition occurred, instead of retaining Mr. Cornell at the eleventh hour and requesting a six-

week extension.[2]  Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 39 (1st Cir. 2012).

Plaintiff's repeated failures to obey court orders may justify a sanction, including the possible dismissal of this case. See, e.g., Mulero-Abreu v. Puerto Rico, 675 F.3d 88, 89 (1st Cir. 2012); Damiani v. Rhode Island Hospital, 704 F.2d 12, 16 (1st Cir. 1983). As the First Circuit has written, "[a]rrogat[ing] control" of the court's schedule, as plaintiff has attempted to do, should not be "condoned by a slap on the wrist." Damiani, 704 F.2d at 16. "[E]ven though the sanction of dismissal is reserved for a limited number of cases, it must be available so the trial courts may punish and deter egregious misconduct." Mulero-Abreu, 675 F.3d at 94. "[T]here is nothing in [Rule 37(b)(2)] that states or suggests that the sanction of dismissal can be used only and after all the other sanctions have been considered or tried." Damiani, 704 F.2d at 15.

In view of the foregoing, it is hereby ORDERED that:

1.   Todd & Weld's Motion to Withdraw as Counsel (Docket No. 156) is DENIED without prejudice.

---

[2]  Based on information in defendants' Opposition to the Motion for Extension of Time (Docket No. 159), the court infers that plaintiff and Todd & Weld may disagree on whether counsel can, consistent with Rule 11(b) of the Federal Rules of Civil Procedure, argue that the defendants sued in their individual capacities are not protected by qualified immunity. See Dkt. No. 159.

8

2. Plaintiff's Motion for an Extension of Time (Docket No. 158) is DENIED without prejudice.

3. By July 22, 2021:

(a) Dr. Ayyadurai, Mr. Cornell, and Mr. Cooper shall confer and file a revised Second Amended Complaint and make the other submissions required by the June 16, 2021 Order, to the extent that there is no substantive disagreement between plaintiff and counsel concerning the position to be taken on an issue. If there are substantive disagreements on particular issues, Mr. Cornell and Mr. Cooper shall filed affidavits, ex parte and under seal, identifying those issues.

(b) Mr. Cooper and Mr. Cornell shall, if consistent with Rule 11(b) of the Federal Rules of Civil Procedure, file an opposition to defendants' motions to dismiss on the ground of qualified immunity, or an affidavit stating that they cannot properly make such a submission.

(c) Dr. Ayyadurai shall file an affidavit, ex parte and under seal, explaining his reasons for terminating Todd & Weld and, for the public record, an affidavit and memorandum seeking to show cause why he should not be sanctioned under Rules 16 and 37 of the Federal Rules of Civil Procedure, and why the court should not institute civil and/or criminal contempt proceedings against him for causing his counsel to fail to obey the June 16, 2021 Order (Dkt. No. 149).

4. Defendants shall respond to plaintiff's submission concerning possible sanctions by July 28, 2021.

5. A hearing on the issues addressed in this Memorandum and Order and a scheduling conference shall be held, by videoconference or in court, on August 4, 2021, at 11:00 am. Dr. Ayyadurai shall attend and be prepared to testify if necessary.

/s/ Mark L. Wolf<br>UNITED STATES DISTRICT JUDGE