UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dr. SHIVA AYYADURAI )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM FRANCIS GALVIN, )<br>MICHELLE K. TASSINARI, )<br>DEBRA O'MALLEY, )<br>AMY COHEN, )<br>NATIONAL ASSOCIATION OF )<br>STATE ELECTION DIRECTORS, )<br>TWITTER, INC., )<br>all in their individual capacities, and )<br>WILLIAM FRANCIS GALVIN, )<br>in his official capacity as Secretary )<br>of State for Massachusetts, )<br>      Defendants. ) | CASE No. 1:20-CV-11889-MLW |

**Memorandum Showing Cause Why Sanctions Are Inappropriate And Why Civil And/Or Criminal Contempt Proceedings Should Not Be Instituted**

At the direction of the Court's Order of July 16, 2021, Dkt. 160, this Memorandum sets forth cause why the Court should not institute sanctions pursuant to Fed. R. Civ. P. 16 and 37, and why civil or criminal proceedings should not be held for causing Plaintiff's counsel to fail to obey the June 16, 2021 Order to file an amended complaint, an opposition to the Defendant's Motion to Dismiss on jurisdictional grounds, and other documents.

**Sanctions are inappropriate because the Plaintiff caused only a short delay in the proceedings, and the delay was, in his view, unavoidable**

In the First Circuit, courts are advised to consider a range of factors when considering sanctions: the severity of the violation, the legitimacy of the party's

1

excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions. *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429 (1st Cir. 2015).

Here, the Plaintiff was unaware until the final week that the filings were due that his disagreements with counsel were to such an extent that he was left with the stark choice of either accepting his counsel's work product or finding new counsel. (Ayyadurai Aff. ¶ 5) Since he was determined not to allow the RICO claims to drop and to oppose qualified immunity, he felt he was left with little choice. Although he was aware that, if he dismissed his counsel, he would not be able to meet the Court's deadline for these filings, he believed his action was in the best interest of the case and that the looming missed deadline could be easily cured by a grant of an extension. He felt that an extension, in turn, would be largely harmless to the court and the Defendants.

The Plaintiff has not previously been accused of misconduct in this case, or any other. Finally, although sanctions are clearly inappropriate in consideration of the above factors, if the Court should deem sanctions necessary, a simple admonition would serve as more than adequate measure to warn the Plaintiff on the need to adhere strictly to the letter of the Court's orders.

### Contempt proceedings are inappropriate because the Plaintiff did not believe he had the ability to comply with the Order

Civil contempt requires that (1) the alleged contemnor had notice of the order, (2) "the order was clear and unambiguous," (3) the alleged contemnor "had

the ability to comply with the order," and (4) the alleged contemnor violated the order. *Hawkins v. Department of Health,* 665 F.3d 25, 30 (1st Cir. 2012)

Here, the Plaintiff lacked the ability to comply with the order because he determined in the final week that working with current counsel could not, in his view, could possibly support the needs of the case, and he lacked adequate time to prepare substitute filings. Thus, although good faith does not excuse civil contempt, impossibility of compliance does constitute a defense. *Morales-Feliciano v. Parole Bd. of P.R.,* 887 F.2d 1, 5 (1st Cir.1989), cert. denied, 494 U.S. 1046 (1990).

In addition, substantial compliance can avert a finding of contempt, where the court order is susceptible to satisfaction by diligent, good faith efforts, culminating in substantial compliance. *Langton v. Johnston,* 928 F.2d 1206, 1220 (1st Cir. 1991). Such is exactly the case here, where the Plaintiff has endured long nights since the Court's July 16 Order, working on material in order to satisfy the Court's Order.

Finally, criminal contempt should only apply where the Plaintiff has willfully flouted a court's order. *United States v. Nightingale*, 703 F.2d 17, 19 (1st Cir. 1983). Again, the Plaintiff did not intend to flout the Court's Order, but did not see any viable alternative but to seek an extension and obtain new counsel.

Because the Plaintiff could not possibly comply with the Court's Order and because he has since complied with that Order through good faith and diligent effort, contempt proceedings are not in order.

/s/ Timothy Cornell
Timothy Cornell BBO 654412
Cornell Dolan, P.C.

3

Ten Post Office Square, Suite 800 South
Boston, MA 02109
tcornell@cornelldolan.com
(617) 850-9036
(603) 277-0838 (c.)
(617) 850-9038 (fax)
www.cornelldolan.com