UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dr. SHIVA AYYADURAI )<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>WILLIAM FRANCIS GALVIN, )<br>MICHELLE K. TASSINARI, )<br>DEBRA O'MALLEY, )<br>AMY COHEN, )<br>NATIONAL ASSOCIATION OF )<br>STATE ELECTION DIRECTORS, )<br>all in their individual capacities, and )<br>WILLIAM FRANCIS GALVIN, )<br>in his official capacity as Secretary )<br>of State for Massachusetts, )<br>      Defendants. ) | CASE No. 1:20-CV-11889-MLW |

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
ON THE GROUND OF QUALIFIED IMMUNITY**

**INTRODUCTION**

The doctrine of qualified immunity provides that public officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This doctrine applies to claims for damages only- Plaintiff's claims for injunctive relief do not require any showing of a violation of "clearly established" law; only that there was some violation of the law.

Qualified immunity turns on whether Plaintiff can show that the constitutional right he asserts is "clearly established." Qualified immunity is a form of sovereign immunity and is reserved for government employees. "To determine whether a public official has

violated clearly established law, a court must evaluate the objective reasonableness of the alleged conduct in light of legal precedent." *El Dia, Inc. v. Rossello*, 165 F.3d 106, 109 (1st Cir. 1999). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "[I]n the light of the preexisting law[,] the unlawfulness must [have] be[en] apparent." *Id.*

A clearly-established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). In *Sause v. Bauer,* 138 S.Ct. 2561 (2018), the Supreme Court found that qualified immunity does not necessarily apply to a public officer who has prevented a citizen from exercising her First Amendment Rights. In that case, a police officer prevented a woman from praying in her apartment. The Court observed that "there can be no doubt that the First Amendment protects the right to pray." *Id*. at 2562. Likewise, there can be no doubt that the First Amendment right protects the right to political speech, as here.

### A. Government May Not Use Explicit or Implicit Coercive Pressure to Compel Private Actors to Suppress Protected Speech

Qualified immunity can only attach when an official's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 137 S.Ct. 548 (2018) One clearly established principle is that the First Amendment allows government officials to express political opinions just like anyone else, but they cannot use the coercive pressure of government to compel private actors to suppress protected speech. *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963)

(state of Rhode Island could not charter a commission to identify objectionable books and pressure retailers not to carry them).

It is also clearly established that the *Bantam Books* rule applies to implicit threats as well as explicit ones. For instance, in *Backpage.com, LLC v. Dart*, 807 F.3d 229 (7th Cir. 2015), Judge Posner applied *Bantam Books* to hold that a Sheriff violated the Constitution when he contacted credit card companies in an attempt to dissuade them from doing business with Backpage, a website that the Sheriff did not approve of. The Sheriff's letter never specifically said that any legal action would be taken; it merely contained a request for contact information. However, under *Bantam Books*, it was sufficient that the letter came under the official imprimatur of a law enforcement official; the threat was implicit.

*Bantam Books*' prohibition on implicit threats was also clearly established in *Okwedy v. Molinari*, 333 F.3d 339 (2d Cir. 2003), which held that a New York local government official who contacted a billboard company to express his displeasure with the content of an advertisement that the billboard company carried. Even though no specific threat was made, the court held that the *Bantam Books* rule still prohibited the official's letter, because it implicitly threatened that harm might come to the billboard company's business. Moreover, it did not matter that the defendant had no direct regulatory authority over the billboard company: "a defendant without such direct regulatory or decisionmaking authority can also exert an impermissible type or degree of pressure". *Id.* at 343.

Thus, it is long established that a public official cannot act through a private actor to suppress a citizen's speech, particularly when the speech is political and the citizen is a

candidate for the United States Senate. Every public official named in this action would understand that prohibition, particularly those with law degrees.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' motion to dismiss based on qualified immunity.

/s/ Timothy Cornell
Timothy Cornell BBO 654412
Cornell Dolan, P.C.
Ten Post Office Square, Suite 800 South
Boston, MA 02109
tcornell@cornelldolan.com
(617) 850-9036
(603) 277-0838 (c.)
(617) 850-9038 (fax)
www.cornelldolan.com