UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DR. SHIVA AYYADURAI,

               Plaintiff,

           v.

WILLIAM FRANCIS GALVIN, in his official
capacity as the Secretary of the Commonwealth
of Massachusetts and his individual capacity,
MICHELLE TASSINARI, in her individual
capacity, DEBRA O'MALLEY, in her individual
capacity, AMY COHEN, in her individual capacity,
and NATIONAL ASSOCIATION OF STATE
ELECTION DIRECTORS

              Defendant.

CIVIL ACTION
NO. 1:20-cv-11889-MLW

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BY WILLIAM FRANCIS
GALVIN, MICHELLE TASSINARI, AND DEBRA O'MALLEY**

MAURA HEALEY
ATTORNEY GENERAL

Anne Sterman (BBO No. 650426)
Adam Hornstine (BBO No. 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2048
Anne.Sterman@mass.gov
Adam.Hornstine@mass.gov

Dated: July 28, 2021

**INTRODUCTION**

Secretary of the Commonwealth William Francis Galvin, Michelle Tassinari, and Debra O'Malley ask this Court to strike two pleadings filed on July 22, 2021 over the signature of only Shiva Ayyadurai but not his counsel of record in violation of Fed. R. Civ. P. 11(a): the Revised Second Amended Complaint (Dkt. No. 167) and the Memorandum of Law in Support of Plaintiff's Claims (Dkt. No. 166).  Although the Court has not permitted Ayyadurai to represent himself alongside "hybrid" counsel, Ayyadurai and his chosen counsel of record, Timothy Cornell, electronically filed these two documents without Cornell's signature.  Cornell filed these documents using his CM/ECF credentials, but his signature appears nowhere on these documents; Ayyadurai, who is registered to use – and previously has used in this case– the Court's electronic filing system, did not file the documents himself, although he purports to have signed them pro se.  This tactic is forbidden by Rule 11(a), which requires a party's attorney to sign all pleadings.  The sanction for any uncorrected Rule 11(a) violation is straightforward: the documents must be stricken.

Alternatively, the Defendants ask this Court to at very least strike or seal pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Civ. P. 5.2(e) portions of the Revised Second Amended Complaint that contain the personal home addresses and photographs of the individual Defendants.  Such information is wholly irrelevant to these proceedings and is included in the new pleadings merely to harass and threaten the individual Defendants, dedicated public servants who should not have to be subjected to Ayyadurai's vexatious litigation tactics.

## PROCEDURAL HISTORY

On June 16, 2021, the Court issued a scheduling order that required Ayyadurai to file

before July 15, 2021: (1) either a revised complaint or a motion for leave to file a new complaint

(depending on whether Defendants assented to a motion for leave to file an amended complaint

during a mandatory Local Rule 7.1 conference); (2) a description of discovery he would seek if

he amended his complaint; and (3) a memorandum of law addressing, as relevant to these

Defendants, their Eleventh Amendment immunity and qualified immunity.  See Dkt. No. 149.

On the eve of this deadline, however, Ayyadurai fired the attorneys that the Court recommended

he hire, thus missing the critical deadline fixed by the June 16, 2021 Order.

As a result, the Court issued a new Order on July 16, 2021.  Among other things, this

Order required Ayyadurai, his new attorney (Cornell), and the attorneys from Todd & Weld that

Ayyadurai sought to fire to "confer and file a revised Second Amended Complaint and make the

other submissions required by the June 16, 2021 Order," but only "to the extent that there is no

substantive disagreement between plaintiff and counsel concerning the position to be taken on an

issue."  Dkt. No. 160 at 9.  If Ayyadurai and his counsel could not agree on the substance of

these filings, then counsel were ordered to "file[] affidavits, ex parte and under seal," identifying

those issues of disagreement.  Id.

Ayyadurai then filed two documents over his own signature and without the signature of

counsel: a Revised Second Amended Complaint (Dkt. No. 167) and a Memorandum of Law in

Support of Plaintiff's Claims (Dkt. No. 166).  Cornell electronically filed these documents for

Ayyadurai, but they were signed only by Ayyadurai.  Defendants' counsel immediately

contacted Cornell on July 23, 2021 to ask him to either withdraw the filings or append his

signature to them.  In a telephone conference on July 26, 2021, Cornell declined to do so.

Ayyadurai's self-signed pleadings also contain highly personal information about individual Defendants, including home addresses and photographs. This information has no relevance whatsoever to these proceedings. Particularly where Ayyadurai has previously urged his supporters to exercise their Second Amendment rights in relation to the government – statements that Ayyadurai has acknowledged "could [be] construe[d] as, quote-unquote, 'violent,'" see May 20, 2021 Transcript at 32:10-11 – the unwarranted inclusion of this personal information is alarming. Furthermore, the Secretary's office has received harassing messages since the publication of these pleadings.

## ARGUMENT

The Court should strike the two documents that only Ayyadurai signed because Rule 11(a) required that his counsel of record sign them, and additionally provides that any pleading filed without the signature of counsel of record must be stricken. Alternatively, or to the extent that the Court allows the Revised Second Amended Complaint to remain on the Court's Case Management/Electronic Case Filing System, this Court should strike or impound the personal information Ayyadurai included in that pleading under Rule 12(f) or Rule 5.2(e) because such information is wholly irrelevant to these proceedings and included only to harass or intimidate public employees.

**I.      THE COURT SHOULD STRIKE THE JULY 22, 2021 FILINGS THAT WERE ONLY SIGNED BY AYYADURAI HIMSELF, NOT HIS COUNSEL OF RECORD.**

The Court should strike from the record the Revised Second Amended Complaint (Dkt. No. 167) and the Memorandum of Law in Support of Plaintiff's Claims (Dkt. No. 166) that only Ayyadurai signed because those filings are improper under Rule 11(a). Rule 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." As the

3

Supreme Court observed, Rule 11(a) "requires a signature on filed papers."  Becker v.

Montgomery, 532 U.S. 757, 764 (2001) (noting that "Rule 11(a)'s first sentence states the

signature requirement").  The purpose of this signature requirement is not merely technical.

Where "a party is represented by counsel, the party's attorney must sign any motion, pleading, or

other paper filed with the court" in order to ensure that "litigants certify to the court, by

signature, that any papers filed are well founded."  Bus. Guides, Inc. v. Chromatic Commc'ns

Enterprises, Inc., 498 U.S. 533, 542 (1991).  The "message conveyed by the signing of a

document" is that the signer is "certif[ying] to the court that the signer has read the document,

has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is

well grounded in both, and is acting without any improper motive."  Id. at 542, 546 ("The

essence of Rule 11 is that signing is no longer a meaningless act; it denotes merit.  A signature

sends a message to the district court that this document is to be taken seriously.").

Because of the importance of this signature requirement, Rule 11(a) prescribes what

should happen when a proper signature does not appear on a filing.  The final sentence of Rule

11(a) permits a party to correct any non-compliance with this requirement "promptly" after the

omission is "called to the attorney's or party's attention," but if the error is not corrected, Rule

11(a) dictates the result: "[t]he court must strike an unsigned paper."  This rule is unambiguous.

See Helmsley-Spear, Inc. v. Westdeutsche Landesbank Girozentrale, 721 F. Supp. 43, 46

(S.D.N.Y. 1989) ("The absence of an attorney's signature on an Amended Complaint violates the

certification requirements of Fed.R.Civ.P. 11 and failure to sign a pleading may constitute

grounds for striking the pleading."); Azamar v. Stern, 275 F.R.D. 1, 8 (D.D.C. 2011) (striking

third-party complaint and counterclaims that were unsigned).  Unsigned filings or filings that are

not properly signed must be stricken if counsel does not promptly rectify the error.

4

That should be the result here.  Although the Court has not permitted Ayyadurai to proceed with "hybrid" representation, and although the Court did not grant Ayyadurai leave to file a new pleading unless he and his counsel could agree on the substance of those documents, Cornell electronically filed two documents signed only by Ayyadurai himself.  Counsel for Defendants asked Cornell to correct this non-compliance with Rule 11(a), but he declined to do so.  Rule 11(a) requires that these two self-signed pleadings be stricken.

## II.   THE COURT SHOULD STRIKE OR SEAL PERSONAL INFORMATION ABOUT THE INDIVIDUAL DEFENDANTS THAT AYYADURAI INCLUDED IN THE REVISED SECOND AMENDED COMPLAINT ONLY TO HARASS THESE PUBLIC EMPLOYEES.

The Court should likewise either strike or impound the personal information that Ayyadurai included about individual Defendants in his Revised Second Amended Complaint – information that is not relevant at all to these proceedings but is highly inflammatory and apparently intended to threaten, harass, or intimidate these dedicated public employees.  Fed. R. Civ. P. 12(f) affords the Court the power to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Likewise, Fed. R. Civ. P. 5.2(e) allows the Court to "require redaction" of information that is of a confidential nature to preserve an individual's privacy.  The privacy protections embodied in Rule 5.2 are also tracked in Section N of this Court's local Administrative Procedures governing CM/ECF, which require filers to avoid filing such private personal information "unless such inclusion is necessary and relevant to the case."

As it relates to a motion under Rule 12(f), the Court has broad discretion to strike comments which are not "substantive elements of the cause of action."  Alvarado–Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988).  Such motions must be "narrow in scope" and typically are not granted "without a showing of prejudice to the moving party."

Sheffield v. City of Bos., 319 F.R.D. 52, 54 (D. Mass. 2016).  As relevant here, the irrelevant

information included by Ayyadurai is not material to this case and it needlessly contains

information that can only be designed to harass individual public employees.  See Gauthier v.

United States, No. CIV.A. 4:10-40116, 2011 WL 3902770, at *12 (D. Mass. Sept. 2, 2011)

(striking portions of affidavit that named 24 employees personally and made criminal

accusations as to one of them because it made "irrelevant allegations" about them that "threaten

to cast a private individual in a derogatory light").  As to Rule 5.2(e), the Court may redact

certain information when "good cause" is shown.

Here, Ayyadurai included in his Revised Second Amended Complaint highly personal

information concerning some individual Defendants, namely their personal home addresses and

photographs.  This information has no relevance to these proceedings.  Ayyadurai only included

this information to hector a public employee.  This information should be stricken or impounded

from the public record in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff's

self-signed pleadings from July 22, 2021.

> Respectfully submitted,
>
> Defendants,
>
> WILLIAM FRANCIS GALVIN, in his official and individual capacities, MICHELLE TASSINARI, in her individual capacity, and DEBRA O'MALLEY, in her individual capacity,
>
> By their attorneys,
>
> MAURA HEALEY
> ATTORNEY GENERAL
>
> /s/ Adam Hornstine

6

                                           Anne Sterman (BBO No. 650426)
                                           Adam Hornstine (BBO# 666296)
                                           Assistant Attorneys General
                                           Office of the Attorney General
                                           One Ashburton Place
                                           Boston, MA  02108
                                           617-963-2048
                                           Anne.Sterman@mass.gov
                                           Adam.Hornstine@mass.gov

Date: July 28, 2021

## CERTIFICATE OF SERVICE

     I, Adam Hornstine, Assistant Attorney General, hereby certify that I have this day, July 28, 2021, served the foregoing **Memorandum**, upon all parties, by electronically filing to all ECF registered parties.

                                           /s/ Adam Hornstine
                                           Adam Hornstine