UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DR. SHIVA AYYADURAI,

Plaintiff,

v.

WILLIAM FRANCIS GALVIN, in his official capacity as the Secretary of the Commonwealth of Massachusetts and his individual capacity, MICHELLE TASSINARI, in her individual capacity, DEBRA O'MALLEY, in her individual capacity, AMY COHEN, in her individual capacity, and NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS

Defendant.

CIVIL ACTION
NO. 1:20-cv-11889-MLW

**RESPONSE TO COURT ORDER
REGARDING SANCTIONS**

In accordance with the Court's July 16, 2021 Order, Defendants the National Association of State Election Directors ("NASED") and Amy Cohen submit this response to Plaintiff's July 22, 2021 submission concerning sanctions. (Dkt Nos. 160, 165.)

## I. Introduction

The Court should dismiss Plaintiff's claims in their entirety and with prejudice as a sanction for his ongoing pattern of disregarding Court Orders and his obstinacy in continuing to advance frivolous and harassing claims without any legal or factual basis. Despite multiple warnings, Plaintiff refuses to conform his conduct and pleadings to the procedural, substantive and ethical requirements that govern these proceedings, and his profoundly deficient July 22, 2021 submissions only confirm that he has no intention of doing so going forward. Indeed, nothing in Plaintiff's July 22, 2021 submissions provides any legitimate excuse for Plaintiff's eleventh-hour

termination of his counsel and failure to comply with the Court's Scheduling Order; his Revised Amended Complaint is so obviously deficient that two sets of counsel have refused to sign it as Rule 11(a) requires; and the legal memorandum Plaintiff filed—also without his counsel's signature—fails to address any of the issues that the Court ordered briefed and merely rehashes the same legal contentions that the Court already explained lack merit and have no legal relevance. (*See* Dkt Nos. 165-68.)

Plaintiff's conduct of this case has caused real prejudice to the defendants, including the "human being" defendants who for several months have been unable to vindicate themselves against Plaintiff's false accusations of misconduct (both in this lawsuit and online) and have been forced to expend significant time and resources addressing Plaintiff's convoluted filings and shifting claims. Plaintiff has now set the case miles backwards, loading his complaint up with yet more frivolous conspiracy theories and meritless legal claims and disrupting the schedule that the Court carefully put in place. Under well established law, the Court should dismiss this case in its entirety and with prejudice as a sanction for Plaintiff's irresponsible conduct.

## I. Procedural Background

Plaintiff was represented by counsel when he initiated this case in October 2020 and brought claims against the Secretary of State in his official capacity arising from Twitter's temporary suspension of Plaintiff's account during his write-in political campaign. (Dkt No. 1.) Plaintiff fired his attorney shortly thereafter, and has since attempted to amend his complaint three times to add increasing speculative and unhinged conspiracy allegations and new defendants. (Dkt No. 23, 78, 167 & Ex. A.) After he filed his operative First Amended Complaint, NASED and Ms. Cohen filed motions to dismiss on January 7, 2021 asserting various legal defenses and immunities, and those motions have remained pending before the Court. (Dkt. Nos. 44, 45.)

The Court held three days of hearings over May and June 2021. At those hearings, the Court recognized that Plaintiff's conduct of this case had "impeded its progress" and "created conditions" that made it difficult to discern the issues he intended to pursue, and urged Plaintiff to retain counsel to help streamline his case. (May 20, 2021 Hearing Tr. at 6, 20.) After Plaintiff indicated he wished to do so, the Court agreed to delay the case several weeks so that Plaintiff could find counsel and they could get up to speed. (May 20, 2021 Hearing Tr. at 127; May 21, 2021 Hearing Tr. at 69.) The Court provided Plaintiff with a detailed explanation of its tentative views on the merits of his claims and the availability of certain defenses and immunities, along with its expectation that, with the benefit of counsel, Plaintiff's revised pleading would eliminate the extraneous and deficient claims and focus on the First Amendment issues identified by the Court. (May 21, 2021 Hearing Tr. at 69; June 15, 2021 Hearing Tr. at 27-28, 33.) The Court also ordered Plaintiff to submit through counsel a legal memorandum with his amended complaint that addressed the application of the *Ex Parte Young* exception to the Eleventh Amendment and, if Plaintiff continued to assert claims for damages against the individual defendants in his revised pleadings, the basis for personal jurisdiction over Ms. Cohen and the availability of qualified immunity. (Dkt No. 149, June 16, 2021 Order ¶ 2.)

The Court set a July 15, 2021 deadline for Plaintiff's submissions, which included a motion for leave to file a revised amended complaint or, if defendants consented, an amended complaint; put in place an expedited schedule for defendants to respond to his revised complaint by July 30, 2021; and scheduled up to three days of hearings beginning on August 25, 2021 to address Plaintiff's revised complaint. (Dkt No. 149.) Thereafter, counsel for defendants met and conferred with Todd & Weld LLP on various issues, and on July 9, 2021 they advised that that "Dr. Shiva has made the decision to name Michelle Tassinari, Debra O'Malley, William Frances Galvin, and

Amy Cohen as defendants solely in their respective official capacities and not to name them in their individual capacities."

Right before his court-ordered submissions were due, Plaintiff fired his counsel because, according to his July 22, 2021 submission, he "was determined not to allow the RICO claims to drop and to oppose qualified immunity," claims that his counsel (for obvious reasons) refused to sign. (Dkt No. 165, at p. 2.) Plaintiff's counsel at Todd & Weld LLP filed an assented-to motion to withdraw on July 14, 2021 and on the same date Mr. Cornell, who had previously appeared as an amicus in the case, entered an appearance for Plaintiff and moved to extend the deadline for Plaintiff's submissions, which defendants opposed. (Dkt Nos. 156-59.) The next day, the Court issued an Order that, among other things, denied Todd & Weld LLP's motion to withdraw and Mr. Cornell's motion for an extension; ordered Plaintiff and his lawyers to "confer and file a revised Second Amended Complaint and make the other submissions required by the June 16, 2021 Order, to the extent that there is no substantive disagreement between plaintiff and counsel concerning the position to be taken on an issue";[1] and ordered Plaintiff to file an *ex parte*, sealed affidavit explaining his reasons for terminating Todd & Weld LLP and a public affidavit and memorandum showing cause as to why he should not be sanctioned under Rules 16 and 37 and why the Court should not institute civil or criminal contempt proceedings against him for causing his counsel to fail to obey the Court's June 16, 2021 Order.

On July 22, 2021, Plaintiff and/or Mr. Cornell made a number of filings in response to the Court's July 16, 2021 Order, which effectively doubled down on Plaintiff's intransigence. Rather

[1]The Order stated that "[i]f there are substantive disagreements on particular issues, Mr. Cornell and Mr. Cooper shall filed affidavits, ex parte and under seal, identifying those issues." (Dkt. No. 160.) NASED and Ms. Cohen presume that, because neither Mr. Cornell nor Mr. Cooper signed Plaintiff's revised amended complaint (which was filed under Mr. Cornell's ECF login), each has made an *ex parte* submission to the Court explaining any substantive disagreements with Plaintiff.

than conferring with Mr. Cooper and Mr. Cornell to file a proposed amendment that complied with the requirements of the federal rules, Plaintiff filed—without leave of court—a Revised Amended Complaint that, on its face, violates Rule 11(a)'s requirement that pleadings by represented parties be signed by an attorney and, far from being slimmed down, is loaded up with all sorts of wild conspiracy theories and baseless claims and allegations that do not come close to meeting the standards set forth in Rule 11(b). (Dkt No. 167.) Separately, Plaintiff violated Rule 11(a) by submitting a legal memorandum that is not signed by his counsel, and which fails to address any of the specific issues that the Court ordered Plaintiff to brief and merely rehashes legal contentions that the Court has already explained are irrelevant. (*See* Dkt No. 166.)[2] In addition, Mr. Cornell filed on Plaintiff's behalf a document captioned "Opposition to Defendants' Motion to Dismiss on the Ground of Qualified Immunity," which includes some but not all of the arguments set forth in Plaintiff's legal memorandum and entirely ignores the issues on which the Court requested briefing. (*Compare* Dkt No. 168 *with* May 20, 2021 Hearing Tr. at 13-14, 40, 70.) Far from streamlining the case and eliminating frivolous claims, through his July 22, 2021 submissions Plaintiff has only violated more Orders of the Court and caused needless confusion.

**III. Argument**

Plaintiff violated the Court's order because he wanted to pursue frivolous and harassing claims and allegations that his attorneys would not sign, and by doing so has set this case back considerably, introduced even more confusion and complexity into the proceedings, and has

[2] NASED and Ms. Cohen brought Plaintiff's failure to comply with Rule 11 to the attention of his counsel on July 23, 2021, but he has not corrected its deficiencies. Under Rule 11(a), "[t]he court ***must*** strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a) (emphasis added).

caused defendants significant prejudice. Plaintiff's conduct is without any excuse or good faith basis, and the Court should dismiss his case in its entirety as a sanction.[3]

Pursuant to Fed. R. Civ. P. 16(f), the Court may issue any order, including any authorized by Rule 37(b)(2), where a party fails to comply with a scheduling or other pretrial order. Rule 37(b), in turn, provides a "veritable arsenal" of sanctions for noncompliance, *Companion Health Svcs. v. Kurtz*, 675 F.3d 75, 84 (1st Cir. 2012), which range from "striking claims or defenses of the culpable party; prohibiting the culpable party from introducing designated matters into evidence; dismissing the action; and/or holding the culpable party in contempt of court." *Buchanan v. RPM Advantage, Inc.*, 2010 WL 1410533, at *2 (D. Mass. Mar. 30, 2010) (noting that the court "may also order that the culpable party pay reasonable expenses of the opposing parties, including attorney's fees"). A "non-exhaustive list of factors" guides district courts when considering whether to impose sanctions that includes "the severity of the [] violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions." *Conning v. Halpern*, 2021 WL 1580837, at *3 (D. Mass. Apr. 22, 2021) (citing *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015)). Applying these factors here, the Court should sanction Plaintiff by dismissing his claims with prejudice.

Plaintiff's violations are severe and form of a pattern of misconduct that Plaintiff shows no interest in abating. As noted in its July 16, 2021 Order, "[t]he court has repeatedly admonished plaintiff that he is required to comply with both the Local Rules for the District of Massachusetts and the Federal Rules of Civil Procedure." (Dkt No. 160 at 6-7 (citing Dkt Nos. 17, 56, 24, 63);

---

[3] NASED and Ms. Cohen, who do not have the benefit of any *ex parte* submissions here, take no position on whether the Court should institute civil or criminal contempt proceedings.

*see also* May 20, 2021 Hearing Tr. at 6 ("You have to follow the rules and meet substantive standards.").) Plaintiff, however, has ignored the Court's repeated warnings and continues to do as he pleases without regard to applicable rules or requirements, or the effect of his conduct on defendants or the Court. Indeed, far from explaining why he should not be sanctioned, Plaintiff's July 22, 2021 filings are themselves procedurally and substantively deficient and only add to Plaintiff's violations; among other things, they fail to comply with Rule 11(a), Rule 11(b), and the Court's prior instruction that hybrid representation would not be allowed except on a case by case basis with permission. (May 21, 2021 Hearing Tr., at 6 (advising Plaintiff that if he retained counsel "[t]he lawyer has to make the filings"); *see also* Dkt No. 135.)

Further, by his own admission, Plaintiff chose to fire his counsel knowing it would cause him to violate the Court's June 16, 2021 scheduling order because he was not willing to eliminate claims and allegations that are entirely lacking in legal merit and plausible factual support. However, it is counsel's obligation to certify a pleading under Rule 11(a), and Plaintiff's subjective disagreement with his attorneys' judgment concerning the viability of his claims and allegations is not a legitimate basis to disregard the Court's Order. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 542 (1991) (noting that Rule 11 imposes "mandatory" requirement that "***where a party is represented by counsel, the party's attorney must sign any motion, pleading, or other paper filed with the court***" (emphasis added)). This is particularly true here, where Plaintiff had the benefit of the Court's detailed explanation of the deficiencies in his claims for money damages against the individual defendants and under RICO and state law, and Plaintiff plainly had no good faith legal or factual basis for keeping those claims in the case. Plaintiff's July 22, 2021 legal memorandum confirms as much by merely repeating legal

contentions that he had previously advanced, and which the Court told him were inadequate.[4] Indeed, that his subsequently-retained counsel would not sign Plaintiff's deficient Revised Amended Complaint leaves little doubt that Plaintiff is alone in his views of the merits of the claims in his Revised Amended Complaint.

In addition, Plaintiff knew as of July 9, 2021 that his counsel intended to drop any claims for money damages against the individual defendants, and he had more than a month before that to discuss these issues with his attorneys from Todd & Weld LLP. Plaintiff offers no explanation for why he waited until the last minute to terminate their representation and throw the case into disarray. Plaintiff was also well aware that the Court had put in place an expedited schedule for addressing defendants' defenses and immunities and had set aside up to three days of hearings amidst a backlog of cases, which the parties, counsel and the Court had planned around. (June 15, 2021 Hearing Tr. at 33.) Thus, there is no conceivable basis for Plaintiff's claim that he believed an extension would be "largely harmless to the court and the Defendants." (Dkt No. 165, at 2.) Indeed, the Court had already delayed these proceedings for several weeks to accommodate Plaintiff's retention of Todd & Weld LLP, and did so with the expectation that counsel would streamline the case and allow the Court to address defendants' immunities and motions to dismiss. (*See* May 20, 2021 Hearing Tr. at 127.) As a result of Plaintiff's actions, however, those several weeks have only set the case back further.

The Court has also recognized the toll these proceedings take on the individuals Plaintiff has named as defendants in this case. When individuals are sued, "their livelihoods are at stake, their fund are at stake," and "it's a big deal." (June 15, 2021 Hearing Tr. at 33.) Here, moreover, Plaintiff has made highly inflammatory and personal accusations of misconduct against the

[4] *See, e.g.*, May 20, 2021 Hearing Tr. at 12-13 (personal jurisdiction over Ms. Cohen); *id.* at 19 (state law intentional infliction of emotional distress); *id.* at 63-67 (RICO claims); *id.* at 40, 70 (qualified immunity).

individual defendants, without any evidence or good faith basis, asserting that they are supposedly part of a criminal racketeering enterprise that secretly surveils and censors political speech in order to rig and steal United States elections. (See Dkt No. 167 & Ex. A.) Further, he actively promotes these cartoonish theories online in order to further his personal political and financial interests, using his credentials and the existence of this lawsuit to bolster the credibility of his allegations to his followers without regard to the real-world effects and harassment such claims may cause. (*See, e.g.*, https://vashiva.com/first-amendment-twitter-galvin-lawsuit.)[5] Plaintiff's decision to violate the Court's Order and further delay these proceedings thus not only prejudices NASED and Ms. Cohen by denying them their right to set the record straight and assert their immunities to this lawsuit, but it also subjects them to yet more potential harassment from Plaintiff and his followers.[6]

## IV. Conclusion

Plaintiff has been given every opportunity and has made his choice. Rather than streamline his case to address the narrow First Amendment issues identified by the Court, he has elected to pursue fringe conspiracy theories that have no factual basis or legal merit. He has repeatedly disregarded the Court's scheduling orders and guidance, and fired his own attorneys when they told him they would not sign off on the frivolous and harassing claims he demanded they pursue. Even after the Court raised the possibility of sanctions, moreover, Plaintiff has continued to flout the rules, filing submissions that on their face violate Rule 11(a) and the Court's prior instructions regarding hybrid representation. In the circumstances, the Court should impose the only sanction that will mitigate the prejudice to defendants: dismissal with prejudice.

---

[5] *See, e.g.*, https://www.youtube.com/watch?v=H2bmWtzpnss [youtube.com] (Plaintiff's discussion of revised amended complaint, including various unfounded allegations of Ms. Cohen and Ms. Tassinari); *see generally* V.A. Shiva Ayyadurai - Home | Facebook.

[6] Notably, Plaintiff has now included photos and personal identifying information of some of the individual defendants in his Revised Amended Complaint, which is gratuitous and irresponsible.

NATIONAL ASSOCIATION OF STATE ELECTION DIRECTORS and AMY COHEN,

By their attorneys,

*/s/ Nolan J. Mitchell*
Nolan J. Mitchell
Quarles & Brady LLP
1701 Pennsylvania Avenue
Suite 700
Washington, D.C. 20006
Telephone: (202) 780-2644
Facsimile: (202) 372-9572
E-mail: Nolan.Mitchell@quarles.com

Date: July 28, 2021

**CERTIFICATE OF SERVICE**

I, Nolan J. Mitchell, hereby certify that on this day, July 28, 2021, I served the foregoing upon all parties and counsel of record by electronically filing it through the Court's ECF system.

*/s/ Nolan J. Mitchell*
Nolan J. Mitchell