UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DR. SHIVA AYYADURAI,

                    Plaintiff,

v.

WILLIAM FRANCIS GALVIN, in his official
capacity as the Secretary of the Commonwealth
of Massachusetts and his individual capacity,
MICHELLE TASSINARI, in her individual
capacity, DEBRA O'MALLEY, in her individual
capacity, AMY COHEN, in her individual capacity,
and NATIONAL ASSOCIATION OF STATE
ELECTION DIRECTORS

                    Defendant.

CIVIL ACTION
NO. 1:20-cv-11889-MLW

## MOTION TO STRIKE UNSIGNED PLEADINGS
## PURSUANT TO RULE 11(A)

The National Association of State Election Directors ("NASED") and Amy Cohen move

to strike Plaintiff's proposed Revised Amended Complaint and the legal memorandum submitted

in response to the Court's June 16 and July 15, 2021 Orders for failure to comply with Rule 11(a)'s

signature requirement, and for violating the Court's order that hybrid representation is not allowed

except on a case-by-case basis and with the Court's permission.  (Dkt No. 135.)  Although

represented by counsel, Plaintiff's proposed Revised Amended Complaint and the legal

memorandum he submitted in support of his claims are not signed his lawyers as Rule 11(a)

unequivocally requires, and appear to be a deliberate and willful effort to end run the Court's

prohibition on "hybrid" representation without permission.  In the circumstances, the Court lacks

discretion under Rule 11(a) and must strike Plaintiff's unsigned Revised Amended Complaint and

legal memorandum.  (Dkt Nos. 166, 167.)  As cause for this Motion, NASED and Ms. Cohen state as follows.

I.    **The Court Must Strike Plaintiff's Unsigned Submissions Under Rule 11(a)**

"Rule 11 is 'aimed at curbing abuses of the judicial system.'  To this end, it sets up a means by which litigants certify to the court, by signature, that any papers filed are well founded." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 542 (1991) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990).  This "signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Id.* at 542-43 (citing Wright & A. Miller, Federal Practice and Procedure § 1335, pp. 57-58 (2d ed. 1990)).[1]  Among other things, Rule 11 imposes a "mandatory" requirement that "***where a party is represented by counsel, the party's attorney <u>must</u> sign any motion, pleading, or other paper filed with the court***." *Id.* (emphasis added).  This rule removes from a pro se plaintiff professional judgments concerning the adequacy of pleadings, and places a corresponding obligation on represented parties to heed qualified professional advice.  Pursuant to Rule 11(a), "[t]he court ***must*** strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Fed. R. Civ. P. 11(a) (emphasis added).

Plaintiff is represented by counsel in these proceedings. ([Dkt Nos. 140-42, 157.)  However, he filed a Revised Amended Complaint and legal memorandum on July 22, 2021 that were not signed by any of his attorneys and, instead, bear Plaintiff's individual signature.  (Dkt Nos. 166, 167.)  Defendants brought this deficiency to the attention of Plaintiff's counsel on July

---

[1]    "[*A*]*ny* party who signs a document, whether or not the party was required to do so, is subject to the certification standard of Rule 11." *Bus. Guides, Inc.*, 498 U.S. at 545 (emphasis in original).  Thus, Plaintiff cannot avoid Rule 11 because he is not an attorney.

23 and 26, 2021, but Plaintiff's counsel indicated that he did not intend to correct or withdraw Plaintiff's submissions.[2]  NASED and Ms. Cohen presume, because there is no other indication in the public record, that Plaintiff's counsel will not ratify Plaintiff's proposed complaint or legal contentions because they are officers of the Court who understand that certification of the  Revised Amended Complaint is contrary to their professional obligations.   Accordingly, in the circumstances, the Court must strike Plaintiff's proposed Revised Amended Complaint in accordance with the plain language of Rule 11(a).

## II.   Plaintiff's Submissions Violate The Court's Prohibition on Hybrid Representation Without Permission

Separately, the Court should strike Plaintiff's Revised Amended Complaint and legal memorandum because they fail to comply with the Court's June 1, 2021 Order advising that "hybrid" advocacy is inappropriate absent the Court's permission.  It is well-settled that "[a] party has a right to represent himself or to be represented by an attorney, but he cannot have it both ways. There is no right to hybrid representation in the federal courts." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *United States v. Nivica,* 887 F.2d 1110, 1121 (1st Cir.1989) (holding there is "a right to appointed counsel, and a corresponding right to proceed without counsel, but these are mutually exclusive. A defendant has no right to hybrid representation").  Plaintiff knows this, because the Court addressed the concept of hybrid representation at length in the May and June 2021 hearings and in its June 1, 2021 Order, where it made crystal clear that it would only entertain "requests made by [Plaintiff's] lawyers" for him to address the Court directly on a case-by-case basis.  (June 15, 2021 Tr. at p. 6; May 20, 2021 Hearing Tr. at 127 ("If you have a lawyer,

---

[2]     NASED and Ms. Cohen have no visibility into the *ex parte* submissions that were filed by Plaintiff's counsel, although they presume that Mr. Cornell has addressed in his submission his reasons for not signing Plaintiff's Revised Amended Complaint and Legal Memorandum.  NASED and Ms. Cohen do not seek sanctions against Mr. Cornell at this time, who they presume is doing his best on a short timeframe to navigate problems created by his client.

usually you can't speak.  The lawyer has to speak.  The lawyer has to make the filings."); *see also* Dkt No. 135.)

Thus, Plaintiff not only had actual, specific knowledge that the Court's permission was required for "hybrid" advocacy when he filed his *pro se* Revised Amended Complaint and legal memorandum, but he filed them in response to an Order admonishing Plaintiff for his repeated failure to comply with the Court's instructions and applicable Rules.  (Dkt No. 160, at pp. 6-8.)  Presumably, moreover, Plaintiff filed the Revised Amended Complaint and legal memorandum against the advice of two sets of qualified counsel he retained, who were unwilling to certify the allegations and claims under the Rule 11(b) standard.  In the circumstances, Plaintiff's decision to disregard the Court's Orders, applicable rules of substance and procedure, and the advice of his own counsel to file pleadings containing obviously baseless and defamatory conspiracy claims is without any justification, and the Court should strike his deficient and vexatious submissions for this reason too.

## III.   Plaintiff's Submissions Are Wholly Frivolous And Harassing

The Court should also strike Plaintiff's submissions because they are abusive, frivolous and lacking in any good faith basis.  Plaintiff has elected to promote online a conspiracy-laden version of this lawsuit that has no basis in reality or good faith (*see* V.A. Shiva Ayyadurai - Home | Facebook), and is refusing to eliminate claims that contradict his online claims because it will affect his ability to raise money from his followers (https://vashiva.com/first-amendment-twitter-galvin-lawsuit).[3]   Having elected to disregard the advice of the Court and his lawyers and persist in asserting the harassing and unfounded allegations in his proposed Revised Amended Complaint,

---

[3]       *See, e.g.*, https://www.youtube.com/watch?v=H2bmWtzpnss [youtube.com] (Plaintiff's discussion of revised amended complaint, including various unfounded allegations of Ms. Cohen and Ms. Tassinari); *see generally*

Plaintiff owns them; his pro se status is irrelevant.  The Court should hold him to account by striking all pleadings submitted without counsel's signature.

NATIONAL ASSOCIATION OF STATE
ELECTION DIRECTORS and AMY COHEN,

By their attorneys,

*/s/ Nolan J. Mitchell*
Nolan J. Mitchell
Quarles & Brady LLP
1701 Pennsylvania Avenue
Suite 700
Washington, D.C. 20006
Telephone: (202) 780-2644
Facsimile: (202) 372-9572
E-mail: Nolan.Mitchell@quarles.com

Date: July 28, 2021

## RULE 7.1 CERTIFICATION

I, Nolan J. Mitchell, hereby certify that on July 26, 2021 I met and conferred with Plaintiff's counsel in an attempt to resolve or narrow the issues presented in this motion but those efforts were unsuccessful.

*/s/ Nolan J. Mitchell*
Nolan J. Mitchell

## CERTIFICATE OF SERVICE

I, Nolan J. Mitchell, hereby certify that on this day, July 28, 2021, I served the foregoing upon all parties and counsel of record by electronically filing it through the Court's ECF system.

*/s/ Nolan J. Mitchell*
Nolan J. Mitchell